(No. 14618.—Reversed and remanded.)

E. L. Beal *et al.* Exrs. Appellees, *vs.* Edna Susan Higgins *et al.* Appellants.

*Opinion filed June 21, 1922.*

1. Wills—*trustees take quantity of estate necessary to carry out purpose of trust.* Trustees under a will will take that quantity of interest which the purposes of the trust require even though the legal estate is not in terms devised, and if a fee is required they will take a fee, while if a less estate will suffice, a less estate, only, will be vested.

2. Same—*when children take as a class separate from other devisees.* Where a testatrix devises life estates in the income of her property, share and share alike, to her son, her daughter and the children of her son's wife, said children will take as a class equally with the individuals named, *per stirpes* and not *per capita,* taking together one-third of the devise.

3. Same—*when trust estate will continue until death of life tenants.* Where a testatrix devises the income of her estate, both real and personal, to her husband, and provides that at his death her son, daughter and certain grandchildren shall also have life estates in the income, and where the subsequent provisions are void because of the rule against perpetuities, trustees appointed by the will to take charge of the renting of the property and the loaning of money will hold the legal title until the death of the last survivor of the life tenants.

Appeal from the Circuit Court of Mercer county; the Hon. William T. Church, Judge, presiding.

Paul J. Graham, guardian *ad litem,* and George W. Werts, for appellants.

Watson & Duvall, (David J. Kadyk, of counsel,) for appellees.

Mr. Justice Dunn delivered the opinion of the court:

Ethzelda Higgins died on October 30, 1920, leaving a will, which was admitted to probate. Her executors filed their bill in the circuit court of Mercer county for a con-

struction of the will, and a decree was entered holding the will to be void and setting aside the probate of it. Upon an appeal of the infant defendants by their guardian *ad litem* this decree was reversed and the cause was remanded to the circuit court, with directions to enter a decree in accordance with the views expressed in the opinion. (*Beal* v. *Higgins*, 299 Ill. 229.) The opinion then filed sets forth the will and the facts in the case, and announced the conclusion that the decree of the circuit court was erroneous in holding the will to be void because the devises in the fourth, fifth and sixth clauses violated the rule against perpetuities. It was held that active duties were imposed upon the executors, who were made trustees by the last clause of the will, and that the second and third clauses of the will, together with the provisions of trust in regard to them, should be sustained. When the cause was re-instated in the circuit court the court entered a decree that the will was valid as to the first, second, third and last clauses, but that the fourth, fifth and sixth clauses were in violation of the rule against perpetuities and therefore void; that by virtue of the second clause Gilbert T. Higgins, the surviving husband of the testatrix, was entitled to the rents and profits of her property, both real and personal, during his life; that the beneficiaries named in the third clause constitute a class, the members of which will be determined at the expiration of the life estate of Gilbert T. Higgins, from which time the trustees shall divide the rents and profits derived from the property of the testatrix equally among the persons named in the third clause or the survivors of them, including any children of Maggie Higgins in being prior to the death of Gilbert T. Higgins, during their lives, and upon the death of any member of the class after the death of Gilbert T. Higgins, then the rents and profits shall be equally divided among the survivors of said class until the last member thereof shall die; that the trustees are invested with the title to all the property of the testatrix in fee

simple and should pay the net income from all the property of the testatrix in accordance with the previous findings, and that at the death of the last surviving member of the class created by clause 3 of the will, the fee simple title to all the property shall be indefeasibly vested in the heirs-at-law of the testatrix then living, as determined by the laws of intestate succession in force at the death of the testatrix.

The decree is erroneous. It was held on the former appeal that the terms of the second and third clauses were valid and should be carried out, together with the provisions of the trust in regard to them. The rest of the will was of no effect. The second clause gave to Gilbert T. Higgins, the surviving husband, the use, occupation, rents and profits of the real estate and the net income of the personal estate for his life. The third clause gave the use, occupation, rents and profits of the real estate after the death of Gilbert T. Higgins, together with all the net income of the personal estate after his death, to the testatrix's son, William Everett Higgins, her daughter, Myrtle I. Higgins, and the children of her daughter-in-law, Maggie Higgins, who was the wife of William Everett Higgins, share and share alike, and made no further disposition of the property of the testatrix. If the second and third clauses stood alone the estates created by them would be legal estates for life, but by the last clause of the will the executors are appointed trustees, with power to loan money, rent the real estate, collect the rent, pay the taxes and necessary expenses and fully carry out the provisions of the will. Under this clause the trustees took, by implication, a legal estate for the life of Gilbert T. Higgins and the lives of the persons named in the third clause of the will and of the survivor of them. Even though the legal estate is not in terms devised, the rule is that trustees under a will will take that quantity of interest which the purposes of the trust require. If a fee is required they will take a fee, and if a less estate will suffice, a less estate, only, will

be vested. It is not necessary that there should be a formal devise to the trustee, but, whatever the form of the devise, he will acquire an estate commensurate with the powers conferred and the purposes to be accomplished. (*Ebey* v. *Adams,* 135 Ill. 80; *Harvey* v. *Ballard,* 252 id. 57; *Emmerson* v. *Merritt,* 249 id. 538.) The duty of the trustees under the will, so far as it is sustained, is to carry out its provisions by managing the personal property, renting the real estate and collecting the rents, paying the taxes and the expense of administering the trust and distributing the net income in accordance with the provisions of the second and third clauses of the will, and this duty will terminate with the life of the survivor of the life tenants. This period is therefore the limit of the estate of the trustees. The remainder after the expiration of the life estates is not disposed of by the will and is not affected by the trust. It descended as intestate property, immediately on the death of the testatrix, to her son and daughter in fee. The devise in the third clause, "to my son, William Everett Higgins, to my daughter, Myrtle I. Higgins, and the children of my daughter-in-law, Maggie Higgins, share and share alike," is not to be regarded as a gift to a class, the members of which are to be determined at the death of the life tenant, Gilbert T. Higgins. We have held that the rule in regard to a devise to an individual named or to several named individuals, and to the children of another, share and share alike, is, that the children in such a devise are to be considered as a class and to take under the will equally with the individuals named, *per stirpes* and not *per capita*. *Dollander* v. *Dhaemers,* 297 Ill. 274; *Palmer* v. *Jones,* 299 id. 263.

The decree should have found that the trustees were vested with the legal title to all the property, real and personal, of the testatrix during the life of Gilbert T. Higgins, William Everett Higgins, Myrtle I. Higgins and the chil-

dren of Maggie Higgins in being now or at any time during the life of Gilbert T. Higgins and during the life of the survivor of such persons; that Gilbert T. Higgins is entitled to the net income of all the real and personal property during his life, and after his death William Everett Higgins and Myrtle I. Higgins and their respective heirs and assigns will each be entitled to one-third of the net income during their respective lives and the life of the survivor of them and during the lives of the children of Maggie Higgins in being during the life of Gilbert T. Higgins and the life of the survivor of such children, and after the death of either, his or her heirs and assigns will be entitled to one-third of the net income until the termination of the last of said lives; that the children of Maggie Higgins living at the time of the death of Gilbert T. Higgins will after his death be entitled to one-third of the net income, to be received by them share and share alike during their lives; that William Everett Higgins and Myrtle I. Higgins and their respective heirs will be entitled to receive the share of the net income of any child of Maggie Higgins who may die until the death of the survivor of William Everett Higgins, Myrtle I. Higgins and the children of Maggie Higgins living at the death of Gilbert T. Higgins. Upon the death of such survivor the trust will terminate, and the legal estate in fee in the remainder now vested in William Everett Higgins and Myrtle I. Higgins will come into possession of them or of their heirs or assigns.

The decree is reversed and the cause remanded to the circuit court, with directions to enter a decree in conformity with this opinion.

*Reversed and remanded, with directions.*