(No. 21469.—

ARNOLD DAHMER *et al.* Appellees, *vs.* HENRY WENSLER *et al.*—(HENRY WENSLER, Appellant.)

*Opinion filed October 22, 1932.*

24

KRAMER, CAMPBELL, COSTELLO & WIECHERT, for appellant.

JOSEPH A. TROY JR., and BEASLEY & ZULLEY, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Arnold Dahmer, Wensler Dahmer, Roy Dahmer, Eugenia Mechoir, Lena Gander and Charles Wensler filed a bill in the city court of East St. Louis against Henry Wensler, Charles Wensler, Vernie Wensler, Mathew Noonan, Mildred Noonan and Sylvia Noonan for the construction of a will and the partition of a parcel of real estate. Each of the six complainants claimed an undivided one-sixth interest in the parcel. Henry Wensler filed an answer in which he averred that each of the first four named complainants had an undivided one-twelfth, the remaining two

each an undivided one-sixth, and he, the defendant answering, an undivided one-third interest in the property. The bill was taken as confessed by Charles Wensler and Vernie Wensler. Mathew Noonan, Mildred Noonan and Sylvia Noonan were minors and a guardian *ad litem* answered in their behalf. The cause was referred to a master in chancery who found and reported the interests of the parties as claimed by the complainants. Objections and exceptions to the report were overruled and a decree of partition in conformity with the report was entered. From that decree Henry Wensler prosecutes this appeal.

Jacob Wensler, a widower and a resident of the city of East St. Louis, made his will on December 9, 1929, and died nine days later. He left no descendant surviving and his heirs were George Wensler and Henry Wensler, his brothers, Lena Gander, his niece, Charles Wensler, his nephew, Mathew Noonan, his grand-nephew, and Mildred Noonan and Sylvia Noonan, his grand-nieces. The testator's estate consisted of both real and personal property. His will was admitted to record by the probate court of St. Clair county. By the first section he directed the payment of his debts and funeral expenses; by the second he bequeathed five thousand dollars to his brother George and a like sum to his brother Henry; by the third and fourth he made bequests to three persons not his heirs and by the fifth he authorized his executor to sell real and personal property to pay the bequests. The sixth section read: "The balance that is left on hand I give to the children of John Dahmer and Charles Wensler and Henry Wensler in equal parts." The testator concluded his will by naming his brother Henry executor and exempting him from the requirement of a surety upon his bond.

John Dahmer and Charles Wensler, whose children are residuary legatees and devisees under the sixth section, were dead when the testator executed his will. Dahmer was a brother of the testator's deceased wife and Charles Wensler

was a brother of the testator. Four of the complainants, Arnold, Wensler and Roy Dahmer and Eugenia Mechoir, were John Dahmer's children, and the other two complainants, Lena Gander and Charles Wensler, niece and nephew and heirs of the testator, were children of Charles Wensler, his deceased brother. Charles Wensler and Vernie Wensler, the defendants who confessed the allegations of the bill, are the children of Charles Wensler, one of the complainants. The defendants Mathew, Mildred and Sylvia Noonan, who are minors, were the children of Anna Noonan who was a daughter of Charles Wensler, the testator's deceased brother. Mrs. Noonan died before the testator made his will. Henry Wensler, a surviving brother of the testator, legatee in the second and named in the sixth section of the will and nominated executor, was sixty-two years of age when the will was executed. His wife was one year his junior and they had no children. The relations between the brothers were cordial and Henry often visited the testator.

This controversy has its origin in the sixth section of the will. The appellant contends that the testator, by that section, bequeathed and devised one-third of the residue of his estate to the children of John Dahmer, another third to the children of Charles Wensler, and the remaining third to his brother, the appellant. He argues that, since the children of each decedent named are referred to as a class, they take *per stirpes* and not *per capita*. The appellees, on the contrary, insist that the children of each of the three persons named in the section, living at the time of the testator's death, are the intended legatees and devisees and that they take *per capita* and not *per stirpes*.

The cardinal rule of testamentary construction is to ascertain the intention of the testator and to give it effect unless the testator attempts to accomplish a purpose or to make a disposition contrary to some rule of law or public policy. (*McCormick* v. *Hall,* 337 Ill. 232; *McCreery* v.

*Burmood,* 332 id. 645; *Himmel* v. *Himmel,* 294 id. 557; *DesBoeuf* v. *DesBoeuf,* 274 id. 594). The testator's intention must be gathered from the words of the will itself. (*Bond* v. *Moore,* 236 Ill. 576; *Covey* v. *Dinsmoor,* 226 id. 438; *Welsch* v. *Belleville Savings Bank,* 94 id. 191). The process of ascertaining that intention requires a consideration of all the provisions of the instrument taken as a whole and not of any particular part separated from the rest. (*Jordan* v. *Jordan,* 274 Ill. 251; *Black* v. *Jones,* 264 id. 548; *Eldred* v. *Meek,* 183 id. 26; *Ducker* v. *Burnham,* 146 id. 9; *Dickison* v. *Dickison,* 138 id. 541). To arrive at the intention of the testator as expressed by the language of the will, and not an intention which existed in his mind apart from such language, is the purpose of testamentary construction. *McCormick* v. *Hall,* 337 Ill. 232; *Bond* v. *Moore,* 236 id. 576; *Lomax* v. *Lomax,* 218 id. 629; *Engelthaler* v. *Engelthaler,* 196 id. 230; *Bingel* v. *Volz,* 142 id. 214.

The testator, by the sixth section of his will, bequeathed and devised the residue of his estate "to the children of John Dahmer and Charles Wensler and Henry Wensler in equal parts." The connective "and" was inserted both before and after the second of the three names in the section. If the testator had intended to give the residue of his estate to the children of John Dahmer, Charles Wensler and Henry Wensler, as the appellees contend, he probably would have omitted the word "and" before the name "Charles Wensler." The testator is presumed to have had a purpose in the use of the connective before that name. (Wigram on Wills, (2d Am. ed.) part 2, p. 33). Its use in that position indicates that the testator restricted the application of the word "children" to those of the persons first and secondly named and that by the repetition of the connective after the name "Charles Wensler," the testator added, not the children of Henry Wensler, but the latter himself, as a residuary legatee and devisee.

The succession to real estate prescribed by the Statute of Descent can only be superseded by a valid testamentary disposition. (*Desmarteau* v. *Fortin,* 326 Ill. 608; *Wiltfang* v. *Dirksen,* 295 id. 362; *Mills* v. *Teel,* 245 id. 483). The heirs of a testator cannot be disinherited upon mere conjecture, and when the testator intends to disinherit them he must indicate that intention clearly either by express words or by necessary implication. The existence of a will does not give rise to the presumption that the testator intended a disposition of his property inconsistent with the Statute of Descent for the law favors that construction of a will which conforms most nearly to the general law of inheritance. (*Wright* v. *Denn,* 10 Wheat. (U. S.) 204; *Wilkins* v. *Allen,* 18 How. (U. S.) 385; *Boys* v. *Boys,* 328 Ill. 47; *Desmarteau* v. *Fortin,* 326 id. 608; *Smith* v. *Garber,* 286 id. 67; *Straw* v. *Barnes,* 250 id. 481). In *Dollander* v. *Dhaemers,* 297 Ill. 274, this court said: "Where there is an ambiguity existing in a will, unless there is a manifest intention to the contrary, the presumption that the testator intended that his property should go in accordance with the laws of descent and distribution will be applied as an aid in construing the will; hence such a construction should be given the will as favors the heirs-at-law or next of kin in preference to disinheritance, or to strangers or persons not so closely related to the testator."

The names and number of the children of John Dahmer and of Charles Wensler do not appear in the will. The reference to the children without naming them would indicate that the testator, in each instance, was thinking of the children as a class rather than as individuals who were to receive equal shares of his property. According to the appellees' contention, the four children of John Dahmer, the deceased brother-in-law of the testator, will take two-thirds, and the two children of Charles Wensler, the testator's deceased brother, will receive the remaining one-

third of the residue, while the testator's brother Henry, who is living, and is expressly named as a residuary legatee and devisee, will be excluded from any participation in the residuary estate. The children of John Dahmer, who was a brother of the testator's deceased wife, and who are not heirs of the testator, were not so closely related to him as the children of his deceased brother Charles or his brother Henry, all of whom were the testator's heirs. That the testator intended to discriminate against children who were his heirs and in favor of other children who were not his heirs was not expressed in his will and will not be presumed, and to deny to the only residuary legatee and devisee designated by name any part of the residue does violence to the sixth section of the will. Such a construction is opposed to the apparent meaning of the testator's language and is at variance with the natural disposition of mankind.

The testator designated the children of his deceased brother Charles Wensler as a class and not as individuals. He remembered them not in their own persons but as representatives of their parent and substituted them in his place. The children of his deceased brother-in-law, John Dahmer, were designated in precisely the same manner. Such designation as a class, and not as individuals, discloses no intention on the testator's part to give them together, or in the aggregate, any greater share or interest than their parent, if living, would have received. The concluding words of the sixth section of the will, "in equal parts," do not militate against this construction. They indicate, not that the shares of the several individual legatees and devisees were intended to be the same in extent, but that the part or share of each of the two groups of children and the share of Henry Wensler were intended to be equal.

Evidence respecting the intention of a testator separate and apart from that conveyed by the language of the will is not admissible for the purpose of interpreting the instru-

ment. (*Noble* v. *Fickes,* 230 Ill. 594). However clearly an intention not expressed in the will may be proved by extrinsic evidence, the rule of law requiring wills to be in writing stands as an insuperable barrier against carrying the intention thus proved into execution. (*Lomax* v. *Lomax,* 218 Ill. 629; *Bingel* v. *Volz,* 142 id. 214). While parol evidence is not admissible to show what a testator intended to write, it may be admitted where its effect is merely to explain or to make certain what he has written. In ascertaining the testator's intention the words of the will are to be read in the light of the circumstances under which the will was made, and to that end the court may put itself in the place of the testator for the purpose of determining the objects of the testator's bounty or the property which is the subject of disposition. (*Moffet* v. *Cash,* 346 Ill. 287; *LaRocque* v. *Martin,* 344 id. 522; *Boys* v. *Boys,* 328 id. 47; *Dollander* v. *Dhaemers,* 297 id. 274; *Peet* v. *Peet,* 229 id. 341; *Andrews* v. *Applegate,* 223 id. 535). It is proper, in such an inquiry, to take into consideration all the circumstances under which the will was executed, including the nature, extent and condition of the testator's property as well as his relations to his family and to the beneficiaries named in the will. (*Himmel* v. *Himmel,* 294 Ill. 557; *Walker* v. *Walker,* 283 id. 11; *DesBoeuf* v. *DesBoeuf,* 274 id. 594; *Morrison* v. *Tyler,* 266 id. 308; *Wallace* v. *Noland,* 246 id. 535; *Mills* v. *Teel,* 245 id. 483; *Ransdell* v. *Boston,* 172 id. 439; *Bingel* v. *Volz,* 142 id. 214). The rule, however, is inflexible that, for the purpose of importing into the will an intention which is not there expressed, proof of surrounding circumstances is inadmissible. *Fries* v. *Osborn,* 190 N. Y. 35, 19 L. R. A. (n. s.) 457; *Bingel* v. *Volz,* 142 Ill. 214.

The conclusion that the testator intended his brother Henry Wensler to share in the residuary estate is sustained when the sixth section is read in the light of the circumstances under which it was written. John Dahmer and

Charles Wensler died before the will was executed and both left children. Henry Wensler was living and he and his wife were upwards of sixty years of age. They had neither child nor children and the birth of a child to them was highly improbable. The testator knew these facts; his relations with Henry were friendly and the latter often visited him. He could not speak presently of the children of a living brother who to his knowledge had no child, but, when he mentioned the brother's name, he could have in mind only the brother himself. Hence it is that the residuary legatees and devisees include not only the children of the two deceased persons but also the living brother. Both connectives, the first before and the second after the name Charles Wensler, it thus appears, serve the testator's purpose.

The appellees argue that because George Wensler and Henry Wensler, the testator's brothers, were each given a specific legacy of five thousand dollars by the second section of the will, and George was omitted from the residuary section, it will not be presumed that Henry would participate in the residue. Henry had the confidence of the testator and was named the executor of his will. The testamentary capacity of the testator was not questioned and undue influence on the part of Henry was not charged. The testator had the undoubted right to give one brother a part of his residuary estate and to exclude another from that portion of his bounty. No presumption can arise contrary to the express gift of a share of the residue to Henry Wensler and the inconsistency or inequality of the distribution made by the testator is not a matter of which the appellees may complain.

The residuary bequests and devises to the children of John Dahmer and Charles Wensler are, in each of the two instances, to a class, and they take *per stirpes* and not *per capita.* (*Beal* v. *Higgins,* 303 Ill. 370; *Palmer* v. *Jones,* 299 id. 263; *Dollander* v. *Dhaemers,* 297 id. 274). It fol-

lows from the plan of the testator, ascertained from a consideration of the will as a whole, that the children of John Dahmer, deceased, take one-third; the children of Charles Wensler, deceased, another third, and Henry Wensler, the appellant, the remaining one-third of the residuary estate.

The decree of the city court is reversed and the cause is remanded to that court with directions to proceed in conformity with this opinion.

*Reversed and remanded, with directions.*