(No. 23817.—

SUSAN LEVINA DELL, Admx., Appellee, *vs.* LILLIAN M. HERMAN, Appellant.

*Opinion filed December 16, 1936—Rehearing denied Feb. 5, 1937.*

W. J. REARDON, P. A. D'ARCY, and WILLIAM A. POTTS, for appellant.

VELDE & PRETTYMAN, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This litigation involves the fee simple title to forty acres of land in Tazewell county and for its decision requires a construction of the will of Christopher Shaffer, who died November 25, 1900. The will had been executed in the month of February preceding the death of the testator and contained the following paragraph, which is the only one material to this litigation:

"Fifth: To my daughter, Sarah Jane Shaffer, I give and devise the southeast quarter of the northwest quarter of section 23, * * * during her natural life, and after her death, (if she should die without issue,) the same is to be sold by the executor hereinafter named, and the proceeds thereof are to be equally divided between her brothers and sisters or their heirs."

The will made various other provisions for other children, but none of them are material in this case. There was a residuary clause as to personal property but none as to real estate.

When the testator died he was a widower and was survived by three sons and two daughters, Louis M., William, John H., Sarah, (the above named devisee,) Eliza, and also by four children of a deceased daughter, Lavina. These four grandchildren were James C. Culbertson, David E. Culbertson, Martha Evelsizer and Edith Huxtable, who was

afterwards intermarried with one Harrison. In June of 1902 all of these children except the devisee Sarah Jane Shaffer, and all of the grandchildren except Edith Huxtable, executed a quit-claim deed for the real estate above described to the life tenant, Sarah Jane Shaffer. On February 15, 1935, while this suit was pending in the circuit court, the remaining grandchild, Edith Huxtable Harrison, executed and delivered a warranty deed to the appellant, Lillian M. Herman, for all of her interest in the same real estate, in which it was recited that the deed was given pursuant to a family agreement of 1902, to which the grantor was supposed to have been a party but who had failed to sign the deed. The appellant had in the meantime become the owner of the land in question by a warranty deed from Sarah Jane Shaffer. At the time Christopher Shaffer made his will, and also at the time of his death, the daughter Sarah was about fifty-five years old and unmarried. She afterwards married one McClure, who pre-deceased her in 1916. In 1931 Sarah Jane (Shaffer) McClure conveyed the land in question by warranty deed to the appellant and died January 11, 1934, without issue and without ever having had issue.

The complainant, Susan Levina Dell, is a great-granddaughter of the testator, being the daughter of Martha Evelsizer, who was a daughter of Lavina Huxtable, who was a daughter of the testator. After the death of Sarah Shaffer McClure and the termination of her life estate the plaintiff secured appointment as administratrix *de bonis non cum testamento annexo* of the estate of Christopher Shaffer, and thereupon filed this suit in equity praying for the appointment of a trustee or commissioner to sell the land in question and to distribute the proceeds of such sale. The complaint sets forth the heirship of the parties, the provisions of the will, and alleges that the executor named in the will is deceased and no one is legally authorized to make sale of the real estate; that the deeds above mentioned have no legal effect and are each null and void, and that

the appellant has no interest in the property. The appellant answered and filed a counter-claim claiming title to the land. The cause was heard on report of a master, who took the testimony, and a decree was entered sustaining the prayer of the complaint, denying the prayer of the counter-claim and finding that the appellant acquired no title by the deeds. The case is here on appeal of Lillian M. Herman.

There is a sum of something over $800 in the hands of the county treasurer as the result of a condemnation suit, but that feature of the case is without importance, as the parties agree the money should go with the title to the forty acres in question.

It has been and is the theory of plaintiff that the will of Christopher Shaffer created a contingent remainder subject to the life estate of Sarah Jane Shaffer and effected an equitable conversion of that remainder into money. From this premise it is argued that there was no real estate upon which the deeds in question could operate and that those deeds were therefore void. In consonance with this theory it is argued that the title to the remainder in fee passed to the executor for purposes of sale, and that, the executor being dead, it became necessary to appoint a trustee or commissioner to make the sale and distribution.

In this as in any other case of will construction we have two duties to perform: First, we must, if possible, determine the true intention of the testator, and second, if no rule of law prevents, give that intention force and effect. In determining the intention of the testator that construction will be favored which conforms most nearly to the general law of inheritance. (*Dahmer* v. *Wensler*, 350 Ill. 23, and cases cited. We may consider the circumstances surrounding the testator when he made his will, not to determine what he intended to write but in order that we may better understand what he has written. (*Dahmer* v. *Wensler*, *supra*.) In this case the will of the testator shows that he was possessed of considerable property and that he pro-

vided for all of his children and grandchildren substantially in accordance with the Statute of Descent. He knew that his daughter Sarah Jane was forty-five years old at the time he made the will and was therefore fully aware of the improbability of her having issue. These circumstances, however, are of slight importance, because the will itself discloses no intention to create any contingent remainder nor to depart in any way from the Statute of Descent except for the creation of a life estate and except for an expressed desire to have the property sold after the expiration of that life estate. It has been overlooked by the plaintiff that the clause in question does not dispose of the fee in the remainder to anyone in the event of Sarah dying with issue, and, as above pointed out, there is no residuary clause in the will as to real estate. Considering the existing probability of her dying without issue, and bearing in mind the obvious fact that "her brothers and sisters or their heirs" are the same identical persons as would take the property from the testator had it been left intestate, there is clearly nothing contingent about the remainder. Except for the directions to sell the land and divide the proceeds the legal effect of the clause is the same as though the testator had given that daughter a life estate and said nothing more.

The plaintiff's argument that the executor took title to this land in trust for the purpose of selling it is without merit. Under a power of sale in a will an executor takes only that quantity of interest which the purposes of his trust require and which is necessary for the performance of his duties. (*McCarty* v. *McCarty*, 356 Ill. 559.) In the case before us the title to the remainder in fee passed immediately to the testator's children, including Sarah, and to his grandchildren, the children of his deceased daughter. The deed of June, 1902, signed by all of the heirs-at-law except the life tenant, Sarah, and except the one granddaughter who inadvertently failed to sign, merged the entire title in Sarah Jane Shaffer, except as to that interest

266

owned by the non-signing granddaughter. (*Bouslough* v. *Bouslough*, 306 Ill. 24.) Plaintiff's mother was a party to that deed, and she therefore inherited no interest in this property and has no standing to complain of what was done. The deed given during the pendency of the suit by the granddaughter who had failed to sign the original deed was effective to merge the entire title in the appellant, and the trial court should have so held.

The judgment of the circuit court is reversed and the cause is remanded to that court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*