Robert Z. Porterfield, Executor et al., Appellants, v. Juanita Lenover et al., Appellees.

Gen. No. 9,242.

38

Opinion filed April 14, 1941.

LITTLE & FINFROCK, of Urbana, for appellants.

HENRY J. DIETZ, of Urbana, for appellees.

MR. JUSTICE RIESS delivered the opinion of the court.
The appellant, Robert Z. Porterfield, executor of the last will and testament of Robert M. Porterfield, and other living children of said testate deceased have appealed from a decree entered in the circuit court of Champaign county construing certain alleged ambiguous language used in the last paragraph of clause three of said testator's last will and testament. Objections, standing as exceptions to the master in chancery's report, were overruled by the chancellor and a decree was entered which gave the residue of said estate, after payment of debts and specific legacies provided for in the will, in equal shares, *per capita,* to and among all of the living children and grandchildren of said deceased. Appellants contended that said clause, when properly construed, indicated testator's intention to give the residuary estate either (a) to the living children of testator to the exclusion of the grandchildren or (b) to the living children and grandchildren of said deceased to be divided *per stirpes* and not *per capita.*

The testator, aged 82 when the will was drawn on October 31, 1932, departed this life on February 11, 1937, and his will was duly admitted to probate in the county court of Champaign county. On that date, the testator left him surviving Margaret V. Porterfield, his widow, and three children, Ira B. Porterfield and Frank M. Porterfield, sons, and Eunice E. Holliday, a daughter. In addition thereto, the testator left him surviving three grandchildren who were children of Paul R. Porterfield, a son who had predeceased his father but was living when the will was made; four grandchildren who were children of Zula V. Hall, a predeceased daughter; ten grandchildren who were

children of Estella Whitson, a predeceased daughter, and two grandchildren who were children of Charley C. Porterfield, a predeceased son, all of whom were mentioned and given specific legacies under the terms of the will.

The third clause of the will, the last paragraph of which is sought to be construed, provides as follows: "After the death of my said wife, Margaret V. Porterfield, if she shall survive me and if not, then after my death, I hereby order and direct that all the real estate and personal property hereinbefore set out and of whatsoever nature and kind and wheresoever located shall be converted into cash within a reasonable time by my executor hereinafter named as in his discretion he may deem proper and after the payment of the above mentioned debts, funeral expenses and costs of erecting a suitable monument to mark our last resting place in Mount Hope Cemetery, Sidney, Illinois, the proceeds thereof remaining shall be divided as follows: The sum of Five Hundred Dollars to my beloved son, Ira B. Porterfield; The sum of Five Hundred Dollars to my beloved son, Frank H. Porterfield; The sum of Five Hundred Dollars to my beloved son, Paul R. Porterfield; The sum of Seven Hundred Dollars to my beloved daughter, Eunice E. Holliday; The sum of One Hundred Dollars to each of the heirs of the body of my beloved daughter, Zula V. Hall, deceased, living at the time of said distribution; The sum of Two Hundred Dollars to each of the heirs of the body of my beloved daughter, Estella Whitson, deceased, living at the time of said distribution; The sum of One Hundred Dollars each to the heirs of my beloved son, Charley C. Porterfield, deceased, namely Winfred Porterfield and Helen Porterfield.

"The balance remaining after the payment of the above mentioned legacies, devises and bequests to be distributed share and share alike to all of my heirs living at that time."

The widow, who survived the said Robert M. Porterfield, deceased, and was given a life estate in all of the property owned by him, renounced the provisions in said will and elected to take under the statute, and the circuit court found that the distribution of the balance of the estate was thereby accelerated, to which finding no objection was made.

The deceased testator was the owner of approximately 160 acres of farm land and a house and lot in the village of Homer, Illinois, a lot in Florida and some personal estate, all inventoried and of an approximate gross value of $20,000. The major portion of said property has been converted into cash and the proceeds are ready for distribution in accordance with the decree of the court in construing the alleged ambiguous language in question contained in the last paragraph of clause three of said last will and testament. The appellees, appearing by guardian *ad litem,* are Junior Whitson, Donald Whitson and Rex Whitson, minor defendants who are the three youngest of the ten children of testator's deceased daughter, Estella Whitson.

It appears from the evidence that the grandfather was on excellent terms with all of his children and grandchildren during his lifetime. It further appears that the father of the ten Whitson children was a barber by trade and that somewhat larger specific legacies were given to his ten children than to the grandchildren who survived three other deceased children.

The particular clause to be construed for the purpose of arriving at the testator's intention from the language of the whole instrument and the surrounding facts and circumstances in evidence, including the kinship of the testator to all of the parties who became the objects of his bounty, indicates that he had in mind the amount that he desired to give each of them as specific legacies in somewhat differing amounts. It further appears that the largest legacies were so given

and provided for his children who were living when the will was made; that the grandchildren whose parents were deceased were each kept in mind and given specific legacies, but that the grandchildren whose parents were living were not specifically mentioned or given legacies under the will.

After thus providing such specific bequests as he deemed fit as between these two classes, namely the children and grandchildren, he undertook to make the general disposition of the residue of his estate in the ambiguous language of the clause for the construction of which the suit was filed, which reads as follows: "The balance remaining after the payment of the above mentioned legacies, devises and bequests to be distributed share and share alike to all of my heirs living at that time."

The facts are not in dispute. The parties also agree that the ambiguous language should be construed either (a) so as to give the residuary estate to all of the surviving children and grandchildren in equal shares *per capita;* (b) by construing the word "heirs" to mean children and dividing it among the living children to the exclusion of the grandchildren, or (c) dividing it between the surviving children and the grandchildren whose parent was deceased *per stirpes* and share and share alike among each of said respective classes, as provided by Illinois laws of descent and inheritance.

In this, as in any other case of will construction, we have two duties to perform: First, we must, if possible, determine the true intention of the testator, and second, if no rule of law prevents, give that intention force and effect. *Dell v. Herman,* 365 Ill. 261, 6 N. E. (2d) 159.

The intention of the testator is to be gathered from a consideration of the language of the entire will and all its parts. *Jones v. Miller,* 283 Ill. 348, 119 N. E. 324, and citations therein.

We may also consider the circumstances surrounding the testator when he made his will, not to determine what he intended to write but in order that we may better understand what he has written. *Dell v. Herman, supra; Dahmer v. Wensler,* 350 Ill. 23, 182 N. E. 799.

It is proper in such inquiry to take into consideration all the circumstances under which the will was executed including the nature, extent and condition of testator's property, as well as his relationship to his family and to the beneficiaries named in the will. *Dahmer v. Wensler, supra,* citing *Himmel v. Himmel,* 294 Ill. 557, 128 N. E. 641, and other cases.

It is further a well-settled rule of construction in this State that in determining the intention of the testator from doubtful language in a will, that construction will be favored which conforms most nearly to the general law of inheritance. *Dell v. Herman, supra; Dahmer v. Wensler, supra; Dollander v. Dhaemers,* 297 Ill. 274, 130 N. E. 705; *Smith v. Garber,* 286 Ill. 67, 121 N. E. 173; *Straw v. Barnes,* 250 Ill. 481, 95 N. E. 471. The succession to the estate prescribed by the statute of descent can only be superseded by a valid testamentary disposition. *Desmarteau v. Fortin,* 326 Ill. 608, 158 N. E. 444; *Dahmer v. Wensler, supra.*

With the first contention of the appellant that the proper construction of the language "share and share alike to all of my heirs" denotes an intention to restrict the distribution of the residuary estate to the living children and exclude the grandchildren whose parents predeceased the testator, we cannot agree. The heirs of a testator cannot be disinherited upon mere conjecture, and when the testator intends to disinherit them he must indicate that intention clearly either by express words or by necessary implication. *Dahmer v. Wensler, supra.*

Here, there were grandchildren whose parents were deceased and who were expressly mentioned as bene-

ficiaries under the terms of the will. Their statutory right to an inheritance was of equal force to that of the living children. No intention to exclude them appears by express language of the will or any necessary implication therefrom.

· To the contention of appellees sustained by the court below that the language in question indicated the intention of the testator to distribute the residuary estate *per capita* and not *per stirpes* equally among all of the children and grandchildren of the deceased, we cannot agree. Where devisees or legatees named as a class stand in different degrees of relationship, the law favors a distribution *per stirpes. Dollander v. Dhaemers, supra; Beal v. Higgins,* 303 Ill. 370, 135 N. E. 759; *Dahmer v. Wensler, supra.*

· Where language indicates a *per capita* distribution contrary to the provisions of the laws of descent, such intention must clearly appear and that presumption yields readily in favor of an indication that distribution *per stirpes* was intended, for the law favors a *per stirpes* distribution under the laws of descent to *per capita* unless the latter intention clearly appears. *Dollander v. Dhaemers, supra; Dahmer v. Wensler, supra.*

In the case of *Dahmer v. Wensler, supra,* the testator, Jacob Wensler, a widower, left no surviving descendants, but left as his heirs George Wensler and Henry Wensler, his brothers, Lena Gander and Charles Wensler, a niece and nephew, and three grandnieces and nephews. As to the residuary estate, the will provided that "The balance that is left on hand I give to the children of John Dahmer and Charles Wensler and Henry Wensler in equal parts." The appellant contended that the residuary estate should be divided equally *per stirpes,* one third to the children of John Dahmer, one third to the children of Charles Wensler and the remaining one third to the appellant brother; that since the children of each decedent named were referred to as a class, they took *per stirpes*

and not *per capita*. Appellee there, as here, insisted that the children of each of the three persons named in the paragraph, living at the time of testator's death, are the intended legatees and devisees and that they take *per capita* and not *per stirpes*. It was there held that where there is ambiguity existing in a will, unless there is a manifest intention to the contrary, the presumption prevails that the testator intended that his property should go in accordance with the laws of descent and distribution.

It is there said (p. 29): "The testator designated the children of his deceased brother Charles Wensler as a class and not as individuals. He remembered them not in their own persons but as representatives of their parent and substituted them in his place. The children of his deceased brother-in-law, John Dahmer, were designated in precisely the same manner. Such designation as a class, and not as individuals, discloses no intention on the testator's part to give them together, or in the aggregate, any greater share or interest than their parent, if living, would have received. The concluding words of the sixth section of the will, 'in equal parts,' do not militate against this construction. They indicate, not that the shares of the several individual legatees and devisees were intended to be the same in extent, but that the part or share of each of the two groups of children and the share of Henry Wensler were intended to be equal."—(p. 31)—"The residuary bequests and devises to the children of John Dahmer and Charles Wensler are, in each of the two instances, to a class, and they take *per stirpes* and not *per capita*. (*Beal v. Higgins,* 303 Ill. 370; *Palmer v. Jones,* 299 id. 263; *Dollander v. Dhaemers,* 297 id. 274)."

The court then concluded: "It follows from the plan of the testator, ascertained from a consideration of the will as a whole, that the children of John Dahmer, deceased, take one-third; the children of Charles Wens-

ler, deceased, another third, and Henry Wensler, the appellant, the remaining one-third of the residuary estate.'' The cause was reversed and remanded with directions.

In *Dollander v. Dhaemers, supra,* where the testator gave the life use of all his property to his wife and further provided that at her death, it shall be divided ''share and share alike'' among his children (naming them) and the children of a deceased daughter (without naming them), the children of the deceased daughter will take *per stirpes* and not *per capita,* as the reference to the grandchildren as a class indicated an intention that they represented the deceased daughter. The fact that the testator uses the words ''share and share alike'' with respect to the division of his property among his named children and the children of a deceased daughter, who are referred to, as in the instant case, as a class and not by name, was held not to necessarily mean that the grandchildren shall take *per capita* with the named children.

In the instant case, when the language of the entire will is considered together with the surrounding facts and circumstances in evidence, which are not in dispute, we are disposed to hold that the residuary estate, under the rules of construction which we have discussed, was intended to be given to the children and grandchildren of the deceased as his heirs *per stirpes* and not *per capita;* that the chancellor below erred in construing such language so as to indicate a distribution of the residuary estate in equal shares, *per capita,* among all of the surviving children and grandchildren of the testator and that a proper construction thereof required that the same be distributed *per stirpes* one seventh thereof to each of the three surviving children and the remaining four sevenths to be divided as follows: One seventh thereof in equal shares to the surviving children of Zula V. Hall, deceased; one seventh thereof in equal shares to the surviving children of

Estella Whitson, deceased; one seventh thereof in equal shares to the surviving children of Paul R. Porterfield, deceased, and one seventh thereof in equal shares to the surviving children of Charley C. Porterfield, deceased.

The cause is therefore reversed and remanded with directions that a decree be entered in accordance with the holdings of this court.

*Reversed and remanded with directions.*