Harry H. Johnson et al., Appellees, v. Carey R. Johnson et al., Appellants.

Gen. No. 9,831.

Opinion filed December 22, 1942.

TRIMBLE & TRIMBLE, of Princeton, for appellants; PERRY D. TRIMBLE, of Princeton, of counsel.

J. L. SPAULDING and L. D. SPAULDING, JR., both of Princeton, for appellees; J. T. SKINNER, of Princeton, of counsel.

Mr. Presiding Justice Huffman delivered the opinion of the court.

This suit has to do with the construction of that portion of a testator's will disposing of the residue of his estate. For all practical purposes, it may be said that the testator, gave his wife a life estate in his lands, and provided that upon termination of such estate, the real estate should be sold, and from the proceeds thereof, after payment of certain specific legacies, the residue was bequeathed by the following paragraph:

"h. All the rest, residue and remainder of said trust estate, including any bequest herein made which may fail or lapse for any reason, my said trustees shall pay out and distribute to and among my nephews and nieces, namely:

"Carey R. Johnson, a son of my deceased brother, John Calvin Johnson.

"James Cook Johnson and Hiram Lyle Johnson, the sons of my deceased brother, Hiram Johnson.

"Owen Walker, the son of my deceased sister, Alice Walker.

"Watts J. Harris, Grace M. Harris, Bernadine L. Chase, children of my deceased sister, Nora Harris.

"Minerva Ann Place, daughter of my sister, Margaret Place.

"Frank Mundy, Claude Mundy, Darlene Dix and Virgil Mundy, children of my sister, Mary Mundy.

"Harry H. Johnson, Clay Johnson, Gray M. Johnson, Frank B. Johnson, Homer T. Johnson, Elvira M. Johnson, Ruth C. Johnson, Benjamin H. Johnson and Alice R. Johnson, children of my brother, William H. Johnson,

share and share alike. Should any of my said nephews or nieces die before the time when this bequest is ready for distribution, leaving child or children them surviving, then the bequest herein given and intended for

such deceased one or ones shall be paid and distributed
to the child or children of such deceased one or ones,
per stirpes, share and share alike.''

It is the construction to be placed upon this para-
graph about which the parties are in dispute. Twenty-
one nephews and nieces are named in the above be-
quest. One nephew (Virgil Mundy) died without issue,
prior to the time for distribution. This reduced the
nephews and nieces to twenty in number. Another
nephew (Harry H. Johnson) died, leaving two daugh-
ters, Dorothy Pearl Sarver, and Mary Bowen Bartlett.

The controversy between the parties with respect to
the above portion of the will is whether distribution
should be made among the nephews and nieces on a
*per capita* basis, or upon a *stirpital* basis. It will be
noted that the nephews and nieces named in the fore-
going provision of the will, were children of seven
deceased brothers and sisters of the testator.

Appellants urge the fund should be divided upon a
*stirpital* basis, as follows:

''1/7th thereof to Carey R. Johnson,

''1/7th thereof to James Cook Johnson and Helen
Eileen Hemperly (formerly Helen Eileen Johnson)
assignee of James Cook Johnson, divided equally be-
tween them,

''1/7th thereof to Owen Walker,

''1/7th thereof to Watts J. Harris, Grace M. Harris,
and Bernadine H. Lacy (formerly Bernadine L.
Chase), divided equally between them,

''1/7th thereof to Minerva Ann Place,

''1/7th thereof to Frank Mundy, Claude Mundy and
Darlene Dix, divided equally between them,

''1/7th thereof to Clay Johnson, Gray M. Johnson,
Frank B. Johnson, Homer T. Johnson, Elvira M.
Johnson, Ruth C. Dremann (formerly Ruth C. John-
son), Benjamin H. Johnson, Alice R. Foushee (for-
merly Alice R. Johnson), and Dorothy Pearl Sarver
and Mary Bowen Bartlett (children of Harry H. John-

son, deceased) divided equally between them, except that said Dorothy Pearl Sarver and Mary Bowen Bartlett shall, between them, take the share which their deceased parent would have taken had he survived.''

Appellees insist the distribution should be upon a *per capita* basis, as follows:

''To Carey R. Johnson, son of testator's brother John Calvin Johnson, an equal 1/20th thereof,

''To Helen Eileen Hemperly (formerly Helen Eileen Johnson) assignee of James Cook Johnson, and Hiram Lyle Johnson, sons of testator's brother, Hiram Johnson, each, and equal 1/20th thereof,

''To Owen Walker, son of testator's sister Alice Walker, an equal 1/20th thereof,

''To Watts T. Harris, Grace M. Harris, Bernadine H. Lacy (formerly Bernadine L. Chase) children of testator's sister Nora Harris, each, an equal 1/20th thereof,

''To Minerva Ann Place, daughter of testator's sister Margaret Place, an equal 1/20th thereof,

''To Frank Mundy (otherwise known as Frank Munday), Claude Mundy (otherwise known as Claude Munday), Darlene Dix (otherwise known as Darlene Dicks) children of testator's sister, Mary Mundy (otherwise known as Mary U. Munday), each, an equal 1/20th thereof,

''To Clay Johnson, Gray M. Johnson, Frank B. Johnson, Homer T. Johnson, Elvira M. Johnson, Ruth C. Dremann (formerly Ruth C. Johnson), Benjamin H. Johnson and Alice R. Foushee (formerly Alice R. Johnson) children of testator's brother William H. Johnson, each an equal 1/20th thereof,

''To Dorothy Pearl Sarver and Mary Bowen Bartlett, children of Harry H. Johnson, deceased, each an equal 1/40th thereof.''

The court decreed distribution as urged by appellees, and appellants have appealed from that portion of the decree fixing the manner of distribution.

Appellants urge the rule that where an ambiguity exists, it will be presumed the testator intended his property should go in accordance with the laws of descent, and that such presumption should be applied in construing this will. Citing in this respect, such cases as *Dahmer v. Wensler,* 350 Ill. 23, 28; and *Desmarteau v. Fortin,* 326 Ill. 608, 614. They further urge that the law favors a *stirpital* distribution, and that this rule will be applied when such an intention can be glimpsed from the context of the instrument. Citing such cases as *Welch v. Wheelock,* 242 Ill. 380, 388; *Dollander v. Dhaemers,* 297 Ill. 274, 278; *Henry v. Henry,* 378 Ill. 581; and *Condee v. Trout,* 379 Ill. 89.

Appellees urge that when the beneficiaries designated in a will stand in equal degree of relationship to the testator, and the bequest is for the benefit of all of them, the court will order a *per capita* distribution. Citing in this respect, *Dollander v. Dhaemers, supra,* at p. 278. *Dahmer v. Wensler, supra,* and *Condee v. Trout, supra,* at pp. 92, 93; *Beal v. Higgins,* 303 Ill. 370; *Northern Trust Co. v. Wheeler,* 345 Ill. 182. This is the general rule. The cases of *Richards v. Miller,* 62 Ill. 417, 419, 425, and *Beall v. Beall,* 331 Ill. 28, 34, also support the position of appellees.

The authorities cited by the several parties in their briefs, are too numerous to attempt any discussion of them in this opinion. Those above set out are illustrative of the points involved. Nothing here need be added to what is there said.

We are of the opinion the trial court properly construed the provision of the testator's will. The decree fixing the order of distribution is affirmed.

*Decree affirmed.*