HARRIS TRUST AND SAVINGS BANK, as Trustee, Plaintiff-Appellee, v. JOHN M. DONOVAN *et al.*, Defendants (Hallam Thomas Donovan, Defendant-Appellant).

First District (2nd Division)   No. 1—89—0984

Opinion filed September 18, 1990.—Rehearing denied October 16, 1990.

Michael J. Dolesh, Barbara J. Mulvanny, and Fred J. Posont, all of Keck, Mahin & Cate, of Chicago, and Frank J. Roan, of Sarasota, Florida, for appellant.

*James J. Carroll* and *Karen K. Melbinger*, both of Sidley & Austin, of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Harris Trust and Savings Bank, as trustee of the marital trust and the family trust under the Thomas J. Donovan trust dated July 25, 1982 (hereinafter Trustee), filed a complaint for declaratory judgment asking the court to declare that the family trust be divided into two separate trusts, one for the benefit of defendant John M. Donovan, and one for the benefit of defendant Patricia D. O'Rourke. Defendants John and Patricia filed an answer which agreed with the relief sought by the Trustee. Defendant Hallam Thomas Donovan filed an answer which disagreed with the Trustee and requested that the family trust be divided into three equal trusts for the benefit of himself and defendants John and Patricia. All of the pleadings are verified and had attached to them exhibits relevant to the disposition of the controversy between defendant Hallam and the Trustee.

The Trustee moved for judgment on the pleadings pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). After hearing arguments of counsel, the trial court entered an order on March 15, 1989, which made the following findings:

(1) that there was no ambiguity in the Thomas J. Donovan trust dated July 26, 1982;

(2) that settlor intended, after the death of his wife, that the family trust be divided into two trusts for the benefit of John and Patricia; and

(3) that the settlor did not intend that Thomas, Jr. (not a party here), or defendant Hallam be beneficiaries of the family trust.

The court then ordered that the Trustee's motion for judgment on the pleadings be granted and that the family trust be divided into two trusts for the benefit of John and Patricia. Defendant Hallam Thomas Donovan filed a timely notice of appeal.

The verified pleadings and attached exhibits reveal the following pertinent facts. Thomas J. Donovan's estate plan is based upon two testamentary instruments. The first is the trust dated July 26, 1982. The second is his will dated July 29, 1982 (three days later). Harris Trust was named as trustee of the trust and executor of the will. The estate plan instruments appear to have been drafted by the law firm of Sidley & Austin, who are the attorneys for the

trustee and executor. Thomas J. Donovan died on August 24, 1982, which is less than 30 days after the execution of his trust and will.

Probate proceedings were instituted shortly after his death. The order declaring heirship determined that the heirs at law and next of kin of the decedent were his wife, Marie Donovan, and his children, John Donovan, Patricia O'Rourke and Thomas J. Donovan, Jr.

By the terms of the trust instrument, upon the settlor's death, the trust estate was divided in a marital trust and a family trust. The settlor's wife, Marie, was the sole beneficiary of the net income from both trusts during her lifetime. Marie was granted a general testamentary power of appointment over the marital trust. If Marie failed to exercise this power upon her death, the trust instrument caused any part of the marital trust remaining after payment of certain expenses to be added to the family trust.

The trust instrument directs the trustee to "divide the Family Trust into separate trusts of equal value, creating one trust for each child of mine other than Thomas J. Donovan, Jr. then living and one trust for the descendants then living, collectively, of each deceased child of mine other than Thomas J. Donovan, Jr. I intentionally make no provision for my son, Thomas J. Donovan, Jr., or his descendants under this paragraph." The settlor defined the terms "children" and "descendants," as used in the trust instrument, to "include only lawful blood children and descendants and legally adopted children and descendants."

By the terms of his will the settlor bequeathed his personal effects to his wife, if she survived him, and if she did not survive him, "to my children other than Thomas J. Donovan, Jr. who are then living, to be divided between them in shares of substantially equal value as they agree ***. My only children now living are John M. Donovan, Patricia D. O'Rourke and Thomas J. Donovan, Jr." After disposing of his personal effects, the settlor's will then poured the residue of his estate into the Thomas J. Donovan trust.

Shortly after the settlor's death, in a letter dated November 18, 1982, Hallam notified Harris Trust as trustee, also executor of the settlor's estate, of his status as heir to the settlor's estate. Hallam included a 1964 California judgment adjudging Thomas J. Donovan to be his father and ordering the settlor to pay child support until Hallam reached the age of 21 years. The record discloses that the settlor did pay monthly child support to Hallam's mother and also paid Hallam's medical and educational expenses.

Thereafter, Hallam retained counsel in Chicago who caused the original order declaring heirship to be vacated. An amended order

declaring heirship was entered in the probate proceedings on February 24, 1983, which determined the decedent's heirs at law and next of kin to be his wife, Marie Donovan, and his children, John Donovan, Patricia O'Rourke, Thomas J. Donovan, Jr., and Hallam Thomas Donovan.

Marie died on April 27, 1988, without having exercised the general power of testamentary appointment over the marital trust. The remaining assets of the marital trust were then added to the family trust.

It is undisputed by the parties to this action that the settlor's son, Thomas J. Donovan, Jr., was clearly and unequivocally disinherited by his father. Thomas Jr. is not involved in this appeal.

The issue involved in this appeal is whether the trial court properly granted the trustee's motion for judgment on the pleadings under the facts of this case.

## I

■ The trustee moved for judgment on the pleadings pursuant to section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) In arriving at its decision, in the case *sub judice*, the trial court may only consider the verified pleadings and the exhibits attached thereto and incorporated into the pleadings. (*Panorama of Homes, Inc. v. Catholic Foreign Mission Society, Inc.* (1980), 84 Ill. App. 3d 142, 145, 404 N.E.2d 1104.) The court must construe the pleadings most strongly against the moving party and uphold the trial court's judgment only if there is no factual issue which, if determined against the moving party, would prevent entry of the judgment on behalf of the moving party. *Seefeldt v. Millikin National Bank* (1985), 137 Ill. App. 3d 841, 842-43, 485 N.E.2d 30.

■ The rules of will construction apply with equal force to the construction of a trust instrument. (*Harris Trust & Savings Bank v. Beach* (1987), 118 Ill. 2d 1, 3-4, 513 N.E.2d 833.) The cardinal rule of will and trust construction, to which all other rules of construction yield, is the ascertainment of a testator's or settlor's intention, to be gleaned from the four corners of the instrument itself. (*Continental Illinois National Bank & Trust Co. v. Clancy* (1959), 18 Ill. 2d 124, 127, 163 N.E.2d 523; *In re Estate of Smith* (1982), 107 Ill. App. 3d 1038, 1042, 438 N.E.2d 553.) In determining the settlor's intention, however, it is proper to read the words of the instrument in light of the circumstances under which the instrument was made, including the relations to his family and to the

beneficiaries named in the instrument. (*Dahmer v. Wensler* (1932), 350 Ill. 23, 30, 182 N.E. 799.) The natural heirs of a settlor cannot be disinherited upon mere conjecture, and when the settlor intends to disinherit a natural heir, he must indicate that intention clearly either by express words or by necessary implication. 350 Ill. at 28.

## A

■ The first testamentary instrument executed by Thomas J. Donovan was the trust dated July 26, 1982. Paragraph 3.2 of the trust provided for disposition of the family trust after the death of his wife:

> "3.2 Upon my wife's death, or upon my death if she does not survive me, the Trustee shall divide the Family Trust into separate trusts of equal value, creating one trust for each child of mine other than THOMAS J. DONOVAN, JR. then living and one trust for the descendants then living, collectively, of each deceased child of mine other than THOMAS J. DONOVAN, JR. I intentionally make no provision for my son, THOMAS J. DONOVAN, JR., or his descendants under this paragraph. The Trustee, subject to the following article, shall distribute each trust created for the descendants of a deceased child per stirpes to such descendants."

The trustee and trial court relied on article 5.7 to determine that Hallam was unambiguously disinherited by his father:

> "5.7 For purposes of this instrument, 'children' and 'descendants' include only lawful blood children and descendants and legally adopted children and descendants; and the 'income beneficiaries' of a trust are the persons eligible to receive current income distributions."

Three days later, Thomas J. Donovan executed his last will and testament dated July 29, 1982. In paragraph 1, the testator states: "My only children now living are JOHN M. DONOVAN, PATRICIA D. O'ROURKE and THOMAS J. DONOVAN, JR." No mention is made of Hallam.

The trust provides for "each child of mine other than Thomas J. Donovan, Jr." The will executed three days later clearly states that "[m]y only children now living are JOHN M. DONOVAN, PATRICIA D. O'ROURKE and THOMAS J. DONOVAN, JR." What then is the purpose of the definition of "children" in section 5.7 of the trust?

It appears that the same draftsman prepared the trust and the will. Was section 5.7 superfluous boilerplate or did it have a significant role in the estate plan?

The answer to some extent may appear in the original declaration of heirship which did not include defendant Hallam as the son and an heir of the decedent. This raises the possibility that the decedent did not advise the draftsman of the trust and will of Hallam's existence and relationship. If the draftsman was not aware of the fact that Hallam was the son and an heir of the decedent, how could he possibly provide for his disinheritance?

Clearly, there is an ambiguity in the testamentary instruments under the circumstances of this case. We, therefore, conclude that the trial court erred when it found "that there is no ambiguity in the Thomas J. Donovan Trust dated July 26, 1982." We further conclude that the trial court erred in finding that the settlor "did not intend that *** defendant Hallam" be a beneficiary "of the Family Trust."

## B

■ By the terms of the testamentary instruments, the settlor did not expressly disinherit Hallam, unlike his legitimate child and namesake, Thomas Jr. In both testamentary instruments, the settlor demonstrated that he is both capable and willing to expressly disinherit a natural heir. Therefore, to uphold the trial court's determination, we must find that the settlor disinherited Hallam by necessary implication. Necessary implication is an implication which is so strong a probability as to the settlor's meaning that an intent contrary to that imputed cannot be supported. *Shea v. Lyons* (1964), 47 Ill. App. 2d 187, 192, 198 N.E.2d 151, *appeal denied* (1964), 30 Ill. 3d 627.

■ The trustee argues that the settlor manifested his intention to disinherit Hallam by the terms of his will, wherein he stated that his only living children were Thomas Jr., John and Patricia. The trustee reasons that the exclusion of Hallam from his list, by necessary implication, indicates the settlor's intent to disinherit Hallam. However, the settlor's statement is factually incorrect. Hallam was also a living child of the settlor at the time the will was drafted.

It is possible that the settlor's wife, Marie, and the children born of their marriage (John, Patricia and Thomas Jr.) were not aware of the fact that the settlor had a fourth child (defendant Hallam). However, the settlor had to be aware of the fourth child because he was named in a California judicial proceeding that determined that Hallam is his son. For 21 years he paid for Hallam's support in accordance with the California judgment and voluntarily paid for his medical care and education. If he intended to disinherit

Hallam, which he had the absolute power and right to do, he could have done so just as he did with his son, Thomas Jr. Ignoring or forgetting Hallam's existence less than 30 days prior to settlor's death by stating in his will on July 29, 1982, *"My* only children now living are [John, Patricia and Thomas Jr.]" does not manifest an intent to disinherit. (Emphasis added.)

The reference is not to the children of the marriage of the settlor and Marie, but to "my only children now living." This is an obvious factual error and not an express or implied disinheritance of his son, Hallam.

The trial court's finding that the settlor intended to disinherit his son Hallam, just as he did disinherit his son Thomas Jr. is error.

Accordingly, the judgment of the circuit court of Cook County is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

DiVITO, P.J., and SCARIANO, J., concur.