(92 App. Div. 532.)

## LEWISOHN et al. v. HENRY et al.

(Supreme Court, Appellate Division, First Department. March 25, 1904.)

1. WILLS—CONSTRUCTION—PUNCTUATION—CONSIDERATION.

Where a will is not punctuated with any degree of accuracy, or even systematically, the punctuation is of little value as an aid to its true construction, and must otherwise be disregarded if it is in conflict with the testamentary scheme as gleaned from the provisions of the will, or prevents ascribing to its words their ordinary meaning.

2. SAME—INTEREST IN TRUST FUND—TIME OF VESTING ABSOLUTELY IN BENEFICIARY.

A testator directed the remainder of his estate to be divided into equal shares corresponding to the number of his surviving children and children dying leaving surviving issue, and that one share be set apart for each surviving child and one for the surviving issue of each deceased child, and

directed that the shares going to the issue of deceased children should be paid to them at once without the interposition of a trust, but as to the shares of his surviving children he provided that each separate share should be held by the executors as trustees, and the net income applied to their use during life. Where a child arrived at the age of 25, however, the trustees were directed to "convey, transfer, deliver and pay over the one equal fourth part of the capital of such trust estate with all gains and increase," and on a beneficiary arriving at the age of 30 to pay over in like manner one-third of the remainder. Testator, besides this, repeatedly provided that the income paid to a daughter should be free from the debts, control, or interference of her husband. He also provided that, in the event of the death of a child without exercising the power of appointment given by the will, its share should go to his or her issue if any survived, and he made no provision for the surviving husband or wife. *Held*, that the clause referring to the death of a child after the death of the testator included a death at any time thereafter, and was not limited to death after attaining the age of 30, and that he did not intend that the trust fund should vest absolutely in his children until the arrival period fixed for distribution, and then only as to the part to be distributed; and hence, where a daughter died intestate before arriving at the age of 25, her children took all her share under the will, and not as next of kin, subject to the interest of her husband.

Appeal from Judgment on Report of Referee.

Action by Walter Lewisohn and others, executors of Leonard Lewisohn, deceased, against Rosalie V. Henry and others. From the judgment construing the will of plaintiffs' testator, defendants Rosalie V. Henry and another appeal. Modified.

Appeal by defendants Rosalie V. and Lenore Gladys Henry, by their guardian ad litem, from a judgment entered upon the report of a referee. The action is brought by the executors of the last will and testament of Leonard Lewisohn for the construction of his will. The controversy arises over the construction of the seventh clause or paragraph of the will, which is as follows:

"I direct that my executors hereinafter named, or such of them as shall qualify and act, divide all the rest, residue and remainder of the property and estate, both real and personal of every kind and description and wheresoever situated which shall belong to me or be subject to my disposal at the time of my death, into such number of equal shares as shall be equal to the number of children who shall survive me, and of my children, who shall have died before me leaving issue who shall survive me, and set apart one of such equal shares for each of my said children who shall survive me, and one of such equal shares for the issue of each child of mine who shall have died before me, leaving issue me surviving; and convey, transfer, deliver and pay over one of such equal shares to the issue of each one of my children who shall have died before me leaving issue me surviving, in equal shares, per stirpes and not per capita, to whom I give, devise and bequeath the same accordingly; and that my said Executors set apart one of such equal shares for the benefit of each of my children who shall survive me, and I give, devise and bequeath the same to my said Executors and to such of them as shall qualify and act; as Trustees to have and to hold each share so set apart for the benefit of a child of mine, (or the portion thereof not paid over and transferred to such child as hereinafter directed), upon a separate trust, for the benefit of such person for whom or for whose benefit the same shall have been set apart as aforesaid during his or her natural life, which trust as to each share of such property or estate by this article of my will hereinbefore directed to be held in trust for the benefit of a child of mine shall be to collect and receive the rents, issues, income and profits of so much thereof as shall be real property and to invest and keep invested so much thereof as shall be personal property with power to call in and change the investments thereof from time to time and to collect and receive the income thereof and after paying thereout all lawful expenses and charges,

to apply the net income from the said trust estate arising from time to time as received, to the use of the person in trust for whom such trust estate shall be held as aforesaid for so long during the life of such person as he or she shall remain under the age of twenty-five years, the income of any such share held in trust for any daughter of mine to be free from the debts, control or interference of any husband she may have; and upon the arrival at the age of twenty-five years, of the person in trust for whom such trust estate shall be so held, to convey, transfer, deliver and pay over one equal fourth part of the capital of such trust estate with all gains and increase of capital thereof, if any, in fee simple and absolutely to such person; and after such person in trust for whom such trust estate shall be held in trust as aforesaid shall have attained the age of twenty-five years, thence-forward for so long during the natural life of such person as he or she shall remain under the age of thirty years to continue to hold the residue of such trust estate, in trust, to collect and receive the rents, issues, income and profits of so much thereof as shall be real property and to invest and keep invested so much thereof as shall be personal property, with power to call in and change the investments thereof from time to time and to collect and receive the income thereof and after paying thereof all lawful expenses and charges, to apply the net income from the said trust estate arising from time to time as received to the use of the person in trust for whom such trust estate shall be held as aforesaid, the income of such trust estate held in trust for any. daughter of mine to be free from the debts, control or interference of any husband she may have; and upon the arrival at the age of thirty years of such person in trust for whom such trust estate shall be held to convey, transfer, deliver and pay over one equal third part of the capital of such trust estate then remaining including all gains and increase of capital thereof, if any, in fee simple and absolutely to such person in trust for whom such trust estate shall be held; and from and after such person shall have attained the age of thirty years thenceforward, during the residue of the natural life of such person in trust for whom such trust estate shall have been held to continue to hold the residue of such trust estate in trust to collect and receive the rents, issues, income and profits of so much thereof as, shall be real property and to invest and keep invested so much thereof as shall be personal property with power to call in and change the investments thereof from time to time and to collect and receive the income thereof and after paying thereout all lawful expenses and charges to apply the net income from the said trust estate arising from time to time as received, to the use of the person in trust for whom such trust estate shall be held as aforesaid, the income of any such trust estate held in trust for any daughter of mine to be free from the debts, control or interference of any husband she may have, and upon the death of such person in trust for whom such trust estate shall be held, to convey, transfer, deliver and pay over the capital of such trust estate as it shall then exist with all gains and increase of capital thereof, if any, in fee simple and absolutely to such persons or person and in such shares and proportions as the person in trust for whom such trust estate shall have been held, shall by will direct and appoint; and in default of such direction or appointment, and in so far as such direction or appointment may not extend or be effectual, to the issue then surviving of such person in trust for whom such trust estate shall have been held, in equal shares per stirpes and not per capita, or if such person in trust for whom such trust estate shall have been held as aforesaid shall leave no issue him or her surviving, to the next of kin of such person in trust for whom such trust estate shall have been held, in the shares and proportions to which under the laws of the State of New York as they shall then exist, they would be entitled to the same, if the same were personal property and such person in trust for whom such trust estate shall have been held had died possessed thereof intestate."

The testator left four sons and five daughters, one of whom was Florine L. Henry, the mother of the appellants, who subsequently died, before attaining the age of 25 years, without having made the appointment authorized by the seventh clause of the will. She died intestate, leaving the appellants her sole issue, and a husband, the respondent Henry; their father,

who was appointed administrator of her estate. The executors of Lewisohn qualified, and divided the remainder of his estate into nine separate equal shares, and set apart one of these for the mother of the appellants, as directed in the will, and during her lifetime paid her the income thereof. The surviving husband, claiming that one-half of the part of the estate so set apart and held in trust for his wife which was to be paid to her in installments upon her attaining the age of 25 and 30 years, respectively, vested in her, in his capacity as administrator demanded that the executors pay the same over to him. The executors, being in doubt as to the true construction of the will in this regard, thereupon brought this action to have it judicially construed. The referee decided that one-half of the share or part of the estate so set apart for the benefit of the mother of the appellants vested in her upon the death of the testator, and awarded judgment accordingly.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Campbell E. Locke, for appellants.
P. J. Rooney, for respondents.

LAUGHLIN, J. The executors were directed by the seventh clause of the will to divide the rest, residue, and remainder of the estate of the testator into a number of equal shares, equal in number to the number of his children living at the time of his death and of his deceased children leaving issue surviving him, and to set apart one of such shares for each surviving child and one for the surviving issue of each deceased child. The executors were then directed to "convey, transfer, deliver and pay over one of such equal shares to the issue" of each deceased child in equal shares, "per stirpes and not per capita, and to whom I give, devise and bequeath the same accordingly." Here we find specific provisions with reference to the death of any of the children of the testator during his lifetime. Grandchildren surviving the testator, being the issue of a predeceased child, were to take at once without their share being held in trust at all. Consequently, the disposition of the principal upon the death of a beneficiary, made towards the end of the seventh clause of the will, must have reference to the death of a child, and to one occurring subsequent to the death of the testator. The appellants contend that the clause in which this reference to the death of a child is made is unqualified, and that it includes a death at any time thereafter. The respondents, on the other hand, claim that it only relates to a death of a surviving child after attaining the age of 30 years, and that therefore the part of the will in which it occurs merely disposes of the remaining half of the separate share set apart for the benefit of the mother of the appellants. This argument proceeds upon the theory that the testator did not contemplate a death of any of his surviving children before attaining the age of 30 years, and that, under the rule which favors the vesting of estates, the undivided half which the executors are directed to pay over to each child, in installments, on arriving at the age of 25 and 30 years, respectively, vested absolutely in the mother of the appellants upon the death of the testator. If the undivided half of the mother's share thus set apart and held in trust for her benefit vested absolutely in her, as claimed by the respondents, then upon her death it was payable to her administrator, and the ap-

pellants take as her next of kin, subject to the interest of their father; but, if it did not vest in the mother, the appellants take directly under the will, and the husband and father has no interest. The practical question for decision is, therefore, whether the appellants take as next of kin of their mother· or under the will of their grandfather. In this view, if the appellants take under the will, it is immaterial whether the undivided half of the separate trust fund in question vested in the trustees until the time fixed for distribution, or whether it vested in the mother of the appellants, subject to be divested upon her death before the distribution period. This depends upon the intent of the testator. We must ascertain his intent by considering all of the provisions of his will. On a casual reading, the punctuation would seem to indicate that the disposition of the trust fund, in case of the death of a beneficiary, relates to the trust fund remaining in the hands of the trustee after the beneficiary has attained the age of 30 years, which would be one-half the principal of the share originally. On a closer examination, however, it will be discovered that the will has not been punctuated with any degree of accuracy, or even systematically, and therefore the punctuation is of little value as an aid to the true construction. Moreover, it is to be borne in mind that punctuation must be disregarded if it is in conflict with the testamentary scheme of the testator as gleaned from the provisions of the will, or prevents ascribing to the words employed their ordinary meaning. Roe et al. v. Vingut, 117 N. Y. 204, 22 N. E. 933; Kinkele v. Wilson, 151 N. Y. 269, 45 N. E. 869. There is no express devise or bequest of any of the separate trust funds to any of the surviving children. On the contrary, on the division of the remainder into these separate shares, each separate share set apart for the benefit of a surviving child is expressly given, devised, and bequeathed to the executors as trustees in trust to collect and receive the rents, issues, income, and profits of the real estate, and to invest and keep invested the personal property, with power to call in and change the investments from time to time, and apply the net income to the use of the child for whose benefit the separate trust is created during life, with a provision that upon the beneficiary arriving at the age of 25 years the trustees shall "convey, transfer, deliver and pay over one equal fourth part of the capital of such trust estate with all gains and increase of capital," and, upon the beneficiary attaining the age of 30 years, to pay over in like manner one-third of the remainder. The testator, by repeatedly providing that the income paid to any of his daughters should be free from the debts, control, or interference of her husband, and by providing that, in the event of the death of any of his children without exercising the power of appointment, the share held in trust for such child should go to his or her issue, if any survived him, and making no provision for a surviving husband or wife, shows quite clearly that he did not intend that the trust fund should vest absolutely in his children until the arrival period fixed for distribution, and then only as to the part to be distributed. Until the period for distribution his children were only entitled to the net income, and therefore it could be of no personal advantage or benefit to them to have the estate vested in them in the meantime. If any beneficiary having issue de-

sired that any part of the trust fund should go to another or others than his or her issue, the power of appointment was given to otherwise dispose of all or any part of it. Moreover, it was essential for the due performance of the trust that the trustees should be vested with the complete title to the property. We are therefore of opinion that the appellants took under the will, and not as next of kin of their mother.

It follows that the judgment should be modified in accordance with these views, with costs to the guardian ad litem payable out of the fund.

VAN BRUNT, P. J., and PATTERSON and HATCH, JJ., concur.

INGRAHAM, J. I concur with Mr. Justice LAUGHLIN in the construction given to the seventh clause of the will in question, as it seems to me that the intention of the testator is clearly expressed. The property devised and bequeathed to the executors in trust is to be divided "into such number of equal shares as shall be equal to the number of children who shall survive me, and of my children, who shall have died before me leaving issue who shall survive me, and set apart one of such equal shares for each of my children who shall survive me, and one of such equal shares for the issue of each child of mine who shall have died before me, leaving issue me surviving." The trustees were then directed to hold one share for each of his surviving children, to collect and receive the rents, issues, income, and profits from such share, and to apply the net income to the use of the person for whom such share shall be held during the life of such person, or until such person arrives at the age of 25 years, and upon the arrival of such person at the age of 25 years to convey or pay over one equal fourth part of the capital of such trust estate; to receive the income upon the remaining three-fourths, and to pay it to the person for whom the trust was held until such person arrived at the age of 30 years, when there was to be conveyed and paid to such person one-third of the capital of the trust estate then remaining; and to hold the balance of the trust during the lifetime of the person for whom the trust was held, and to pay the income and profits to such person during his life. It is then provided that "upon the death of such person in trust for whom such trust estate shall be held, to convey, transfer, deliver and pay over the capital of such trust estate as it shall then exist with all gains and increase of capital thereof, if any, in fee simple absolute * * * to the issue then surviving of such person in trust for whom such trust estate shall have been held in equal shares." Thus, upon the death of the person in trust for whom the share is held, the capital of such trust estate, "as it shall then exist"—that is, at the time of distribution—shall be paid over to the issue. If the testator's child survived him and died under 25 years of age, the direction to pay to that child a quarter of the estate upon its arriving at that age manifestly could not be complied with. At that time the capital of such trust estate, as it would then exist, would be all of the share of the testator's residuary estate which was held

in trust for that child. It had not then been depleted by the payment which was to be made when the child arrived at the age of 25 years. There is no direct devise or bequest of any part of the testator's property to any of his surviving children. The sole right of a child to any part of the capital of the estate is contained in the direction to the executors to pay to a surviving child one undivided quarter of the share held in trust for that child upon his arriving at the age of 25 years and 30 years, respectively; and it seems to have been clearly the intention of the testator that upon the death of either of his surviving children the capital of the share held in trust for him was to vest absolutely, in the absence of the exercise of a power of appointment, in the issue of the child so dying. The terms of the will negative the idea that the testator intended to vest absolutely in either of his surviving children any portion of the estate held in trust for them until they arrived at the age of 25·years. The devise or bequest over took effect upon the death of a surviving child, and the property thus devised or bequeathed was the capital of the share held in trust for that child at the time of his death, and to carry this intention into effect the judgment should be modified accordingly.

PATTERSON, J., concurs.