(No. 26462.—

RUTH H. CONDEE *et al.* Appellees, *vs.* HAZEL GENE TROUT *et al.*—(HAZEL GENE TROUT, Appellant.)

*Opinion filed January 22, 1942.*

ELBRIDGE BANCROFT PIERCE, for appellant.

JOHN W. DAY, and EDWARD P. WHELAN, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause involves the construction of the will of Elbridge Hanecy, deceased, and is an appeal from that part of a decree of the superior court of Cook county which construes the will as evidencing the testator's intention that his property be divided among his children and grandchildren *per stirpes* and not *per capita*.

The complaint in the cause was filed by Ruth H. Condee individually and as the surviving trustee under the will. The will was dated August 3, 1921, and by it the testator's entire estate was to be held by the executors and trustees for the benefit of the beneficiaries for a period of fifteen years and then distributed in accordance with the

terms of the will. The fifteen-year period expired on December 25, 1940. All provisions of the will were complied with except as to distribution. The complainant alleged in her complaint that by the sixth and eighth clauses of the will it was the manifest intention of the testator that distribution should be made, one equal part to go to each child living, and one equal part to be divided among the children of any deceased child. Various heirs, devisees and legatees were made parties, all of whom, except appellant, either were defaulted or joined in the prayer of the complaint.

The testator was a lawyer of prominence in the city of Chicago. He died December 24, 1925, at the age of 74 years. He was survived by his widow and five daughters, one of whom was without issue, three had two children and the other had three children. During the fifteen-year period following the testator's death, his widow and two of his daughters died, one, Olive H. Cleveland, who left no children surviving, and the other, Myra H. McCarthy, who left two children surviving. Since the testator's death two children were born to another daughter, Hazel D. Parkes, so that at the time this bill was filed, his daughter Ruth H. Condee had two children, Myra H. McCarthy, deceased, left two children, Hazel D. Parkes had four children, and Harriet H. Hayes had three children; three children and eleven grandchildren in all.

The sixth and eighth clauses of the will are as follows:

"Sixth: At the end of fifteen (15) years after my death I direct that my executors and trustees shall distribute all of my property in equal parts to my children and grandchildren then living. In case of the death of any one of my children leaving heirs of their body or blood, such child or children shall take the part or parts from my estate that would have gone to their mother if living."

"Eighth: I have every confidence in my said executors and trustees that they will properly care for my said wife and my said grandchildren and the descendants of their

bodies, even though in doing so it lessens the amount that each of the other legatees will receive under this Will."

After the execution of the will the testator executed a codicil which, however, has no effect upon the question involved here.

The sole issue in the case is whether the decree holding the estate should be distributed *per stirpes* is the correct construction. Appellant contends that the sixth clause clearly directs *per capita* distribution. Appellees, on the other hand, say that that clause, when considered in its entirety, indicates that the testator did not intend that his grandchildren should take in competition with their living mothers and plainly indicates an intent for a stirpital distribution.

The duty of the court in matters of testamentary construction is to ascertain the intent of the testator from the words of the will and to give it effect, if the same can be done without violating some rule of law or public policy. (*Dahmer* v. *Wensler,* 350 Ill. 23; *McCormick* v. *Hall,* 337 id. 232; *McCreery* v. *Burmood,* 332 id. 645.) In ascertaining the intention of the testator, consideration is to be given to all the provisions of the instrument taken as a whole, and not alone to any particular sentence or words separated from the rest. (*Jordan* v. *Jordan,* 274 Ill. 251; *Black* v. *Jones,* 264 id. 548; *Eldred* v. *Meek,* 183 id. 26.) The intention of the testator sought to be determined is that intention as expressed by the language of the will and not an intention which existed in his mind but not so expressed. (*McCormick* v. *Hall, supra; Bond* v. *Moore,* 236 Ill. 576; *Lomax* v. *Lomax,* 218 id. 629.) Where the beneficiaries designated in a will stand in equal degree of relationship to the testator and the devise or bequest is to inure to the benefit of all of them, courts will ordinarily order a *per capita* distribution. It is equally the rule that where the devisees or legatees stand in unequal degrees of relationship with the testator, the law favors a con-

struction which results in distribution *per stirpes* among the beneficiaries. (*Dollander* v. *Dhaemers*, 297 Ill. 274; 1 Schuler on Wills, 5th ed. sec. 540.) It is further the rule that when the words "in equal parts" or similar words, are used in a will to indicate an equal division among a class, the intention presumed is that the persons to whom the devise is to be made are to take *per capita* unless a contrary intention is discoverable from the will. (*Straw* v. *Barnes*, 250 Ill. 481; *Welch* v. *Wheelock*, 242 id. 380; *Auger* v. *Tatham*, 191 id. 296.) This presumption, however, yields readily in favor of a faint indication of the testator that a distribution *per stirpes* is intended, and if from the will as a whole such latter intention appears, it will control notwithstanding the use of the words referred to. (*Dollander* v. *Dhaemers, supra;* 2 Jarman on Wills, Bigelow, 6th ed. pages 205-206.) It is a matter of universal understanding among intelligent persons that under general laws of inheritance where there are children and grandchildren to take, the grandchildren by one child take in the aggregate only such parent's portion. Where there is an ambiguity in a will so that a contrary manifest intention does not appear, the presumption that the testator intended his property should go in accordance with the laws of descent and distribution will be applied as an aid in construing the will, and such construction should be given as favors the heirs-at-law or next of kin in preference to their disinheritance or in preference to persons not so closely related to the testator. (*Northern Trust Co.* v. *Wheeler,* 345 Ill. 182.) As was pointed out by the Supreme Judicial Court of Massachusetts in *Hall* v. *Hall,* 140 Mass. 267, a gift to issue "equally" and "share and share alike" does not require that each of such issue shall have an equal share with the other; that the mandate is satisfied if the issue of equal degree taking *per stirpes* share equally.

The language of the first sentence of the sixth clause of the will directing that at the time of distribution the

same shall be made "in equal parts to my children and grandchildren then living," standing alone, tends to indicate that a *per capita* distribution was intended. The last sentence of that clause, however, "in case of the death of any one of my children leaving heirs of their body or blood, such child or children shall take the part or parts of my estate that would have gone to their mother if living," is an expressed intention that a child or children of a deceased child of the testator shall take *per stirpes* the share that would have gone to the mother if living at the time of distribution. If a *per capita* distribution was intended there clearly could be no necessity for the provision for *per stirpes* distribution to the grandchildren whose mother had deceased, nor would such have been a fair and even distribution to them.

There is nothing to indicate that the testator did not hold all his grandchildren in the same depth of affection. Moreover, he could not know which, if any, of his children would die prior to the date of distribution. He was a lawyer and a judge of many years of experience. The reading of his will shows a fixed intention to provide amply and fairly for his widow, his children and his grandchildren. It can hardly be said that the testator intended a *per capita* distribution among his children and grandchildren then living and also intended that the children of a deceased child shall take *per stirpes* the share their mother would have taken if living. This would not constitute an equal division or distribution among the children and grandchildren. For the child of the testator to take under the terms of the will, that child must be living at the termination of the trust.

It requires but a simple illustration to show that the testator could not have intended the unequal distribution *per capita* to those grandchildren whose mothers were living and *per stirpes* to those whose mother had deceased.

There were fourteen children and grandchildren surviving at the period of distribution. To make a *per capita* distribution under the first sentence of the sixth clause the estate would be divided into fourteen parts, each child and each grandchild taking a one-fourteenth part thereof. Myra B. McCarthy, a child of the testator, died leaving two children, Justin G. and Barton. To give the second sentence of the sixth clause any meaning whatever, it must be construed as dividing the estate on distribution into thirteen parts, Justin and Barton McCarthy taking together one-thirteenth or one-twenty-sixth each, for the effect of the language is that they shall take *per stirpes*.

At the termination of the trust three of the testator's five daughters were living, one having died leaving no children, the other having died leaving two children. Thus, under the terms of the will, no part of the trust estate vested in or was distributable to these two children, and if it was the testator's intention that distribution be made *per capita,* such result could not be obtained since the two deceased daughters were excluded by the second sentence of clause six. Equal distribution to beneficiaries standing in the same degree of relationship to the testator may be brought about under clause six by construing it as intending equal distribution among the children surviving and a child's share to the children of a deceased child.

The will presents more than a faint indication, referred to in *Dollander* v. *Dhaemers, supra,* and 2 Jarman on Wills, *supra,* that the testator intended that the distribution should be in equal parts to his daughters then living and that the child or children of a deceased child should take such deceased child's share.

It will be noted that in the eighth clause of the will the testator expresses confidence that his trustees will properly care for his wife and the grandchildren and descendants of their bodies, even though doing so lessens the

amount that each of the other legatees will receive under the will. It seems clear that it was not his intention that at the end of the fifteen-year period when the ages of his five daughters, if living, would range from 40 to 60 years or more, all grandchildren would compete and share equally with their mother, yet under the construction contended for by appellant, the youngest grandchild, nine years of age, would take the same share as the testator's eldest surviving child, 58 years of age. Ruth H. Condee, a child of the testator, and her two children would take three-fourteenths of the estate; Harriet H. Hayes, a child, and her three children would take four-fourteenths of the estate, while Hazel Parkes and her four children would take five-fourteenths of the estate. Viewing the circumstances surrounding this family and their relationship as expressed in the will, this could not have been his intention.

The rule is that where devisees or legatees stand in unequal degrees of relationship to the testator, the law favors a construction which results in a distribution *per stirpes*. *Northern Trust Co.* v. *Wheeler, supra; Dollander* v. *Dhaemers, supra; Dahmer* v. *Wensler, supra; Beal* v. *Higgins,* 303 Ill. 370.

The interpretation proposed by appellant would lead to unreasonable and inequitable results which the testator, who admittedly was a kind father, and whose relations with his children and grandchildren, as shown by the terms of his will, were affectionate, could not have intended.

The construction given to the will by the chancellor was correct and the decree of the superior court will be affirmed.

*Decree affirmed.*