In the Matter of the Will of CLIFFORD McLAUGHLIN, Deceased.

Surrogate's Court, Erie County, June 4, 1947.

*J. Craig Roberts* for petitioner.

*Sheldon F. Roe* for Jane W. Shinners and another, respondents.

*Harry F. Young* for India V. Thurber, respondent.

*Joseph Dolce,* special guardian for unknown heirs.

PAUL, S.   The decedent was a lawyer and was for several years an Assistant District Attorney of Erie County.   He later became an Associate Judge of the City Court of Buffalo and held such position for a great many years, retiring when he reached the age of seventy.   He retired on January 1, 1946, and died on the 8th day of January, 1947.

His last will and testament, which has been admitted to probate, was executed on the 18th day of November, 1946.   He had made a prior will on the 11th day of July, 1945.   This will differs from the last will and testament by changing the amounts of some of the bequests, striking out some legatees and substituting others.   The numbering of the paragraphs was changed but the specific clause, which is before the court for construction, is in both wills in identical language.

The question before the court is whether there is a residuary clause in the last will and testament of the decedent.

The inventory now filed shows assets in the estate considerably in excess of the amounts of the specific legacies, as to which the decedent would die intestate and in addition there are the proceeds from the sale of decedent's residence at 124 Wesley Avenue in the city of Buffalo, as to which there would be no disposition in the will if the will does not contain a residuary clause.

The paragraph of the will in question is as follows: " Ninth. — Furniture, household effects, pictures, rugs, carpets, dishes, silver ware, glass ware, linens, drapes, bedroom furniture, living-room furniture, kitchen ware and anything not heretofore bequeathed to be divided equally between Virginia E. Oliver, Jane W. Shinners and Louise Elliott Donaldson Moll, and if not agreeing to equal distribution the property to be sold and the proceeds to be divided equally."

The decisions uniformly hold that each case of the construction of a will depends upon the language of the will itself, with the surrounding circumstances, and is to be decided in accordance with the intentions of the testator, giving weight to the language of the entire will. Also it appears that each case should be decided on its own facts, the will itself and other facts that pertain thereto. It appears that this estate is of fair size and that the next of kin are an aunt and cousins. The deceased left no widow, no children, and no next of kin except collateral relatives, whose claims to be the natural objects of the bounty of the deceased are not very strong.

As to the construction of a will, the rule is that the intention of the testator as gathered from the language of the will must control when within the law. (*Matter of New Rochelle Trust Co.*, 50 N. Y. S. 2d 602, 605, and cases cited therein.)

It is the intention of the testator that controls. When the intention is discovered, the courts will not thwart it by strict and grammatical construction of particular clauses. Punctuation may be disregarded and phrases transposed in order to give effect to the intention of the testator. (*Matter of Nelson*, 268 N. Y. 255, cited in *Matter of Baker*, 60 N. Y. S. 2d 660, 663.)

In ascertaining the intention of the testator, the will is to be read as one entire instrument. (*Bloodgood* v. *Lewis*, 209 N. Y. 95.)

In the present case, the question raised by the respective attorneys is the construction of the " Ninth " paragraph of the will and the effect to be given to the words in this paragraph " and anything not heretofore bequeathed."

It is claimed, on the one hand, that these words, read in connection with the remainder of the paragraph, refer solely to the articles of furniture and household equipment in the decedent's dwelling. On the other hand, it is claimed that this constituted a residuary clause and devises and bequeaths the entire residuary estate, after satisfaction of the specific bequests, to the three persons named in this paragraph.

In the " Fourth " paragraph, decedent bequeaths to Jane W. Shinners certain specified articles of silver, pictures, furniture, glassware, all table linen and bedspreads. In the " Fifth " paragraph, he bequeaths all his carpets, rugs, furniture, kitchen utensils and dishes to Virginia E. Oliver, further stating that things not desired by her to be sold and the proceeds turned in to his estate.

Following this, and in the " Seventh " paragraph, he bequeaths to Louise Elliott Donaldson Moll the privilege of selecting any furniture, linen or bedspreads that she may desire. It thus appears that the order in which the various paragraphs are placed in the will were not considered important by the deceased. The fact that the paragraph " Ninth " was not the last clause of the will is not of substantial importance to defeat the intention of the testator, if it were the testator's intention that this clause dispose of his entire residuary estate.

It is presumed that a testator who has taken the trouble to make a will, did not intend to dispose of only a small part of his estate and to die intestate as to a major part thereof. (*Matter of Hayes*, 263 N. Y. 219, 225, and cases cited therein.) In the *Hayes* case (*supra*), the paragraphing and the num- bering of the paragraphs indicated that the residuary clause in subdivision (d) of paragraph V of the will, referred only to a definite fund described in the first subdivision of the same para- graph, numbered (a). The Appellate Division had so construed the will. However, such construction left a substantial portion of the testator's estate undisposed of, and the Court of Appeals held that the testator, an intelligent and educated woman, had clearly indicated that she had no such intention. In her will she left a portion of her estate to some of her next of kin, and it was not to be presumed that she purposely left a portion of her estate undisposed of so that other next of kin, not named, should share the residue with the next of kin specifically named. The court applied the usual rule that an interpretation that will result in intestacy as to any part of an estate is to be avoided, if possible. (263 N. Y. 219, 225, *supra*). In like manner, Judge McLaughlin is not to be presumed to have purposely left a por-

tion of his estate undisposed of so that unnamed next of kin would take the residue.

If we adopt the construction claimed, that the words " anything not heretofore bequeathed " refer only to household equipment, furniture, etc., we are faced with the proposition that in the third, fourth, fifth, sixth, seventh and eighth paragraphs the deceased has already disposed of all his furniture, all his rugs, carpets, dishes, bedroom furniture, living-room furniture and kitchenware, and all his sterling silver and some of his pictures. As to glassware and linens, very little would be left, as all of the glassware that Jane Shinners would want was bequeathed to her in the " Fourth " paragraph, together with table linen and bedspreads. If anything would be left, not disposed of in the preceding paragraphs, it would be merely drapes, ornaments, some pictures, silver of no particular value, and possibly some articles of jewelry. Practically all of these articles, including his personal clothing, had been specifically bequeathed. The few remaining articles would be of no particular consequence and would probably bring practically nothing, if sold.

The articles of furniture and household equipment, etc., remaining after the specific bequests thereof, to be divided among the three persons named in the " Ninth " paragraph would be most probably of very little consequence and the words " the property to be sold and the proceeds to be divided equally" would pertain only to a few odds and ends of household property and personal effects, if any at all. It is more likely that the words " the property to be sold " refer to property, other than the few articles of household furniture and personal effects, if any, remaining after the satisfaction of bequests in the " Third " to " Seventh " paragraphs inclusive. Also, having in mind that the testator in the " Second " paragraph directs the proceeds from the sale of his house to be turned into " my estate ", coupled with the presumption in favor of his intention to die entirely testate, it is much more likely that the deceased intended the " Ninth " paragraph to be a residuary clause, disposing entirely of his residuary estate remaining after the specific bequests are paid.

After disposing of all his furniture and practically all of his household equipment and effects, to say that the testator meant by the words " not heretofore bequeathed " and " the property to be sold and the proceeds to be divided equally " refer only to the odds and ends of such personal property then remaining, would be quite absurd and to give effect to such

a meaning with the result that the testator would die intestate as to a considerable part of his estate, would require a very strict and strained construction.

Davids on New York Law of Wills (Vol. 1, § 466) says: "If the language of the instrument is uncertain, obscure or ambiguous, the court will avoid a construction which would impute to the decedent a purpose that is absurd, unreasonable, eccentric or capricious." (Citing *Matter of Farmers' Loan & Trust Co.*, 189 N. Y. 202, 205, and other cases.)

The three people named in the " Ninth " paragraph are women. In paragraphs " Fourth ", " Fifth " and " Seventh " he has given them everything of consequence of household property, which he clearly indicated was valued most highly by him, not from a monetary viewpoint but in consequence of his long association with them. The only exception was the English-ware dinner set, which he gave to Jean Thurber Olsen in paragraph " Second ". The women named in paragraph " Ninth " would have no use for his clothing or personal effects, and these were given to others.

When we consider the words " and anything not heretofore bequeathed ", we are enlightened by the provisions of paragraph " Fifth " of the will wherein carpets, rugs, furniture, kitchen utensils and dishes are given to Virginia E. Oliver. The last sentence of this paragraph is as follows: " Things not desired by her to be sold and proceeds turned in to my estate." Paragraph " Ninth " also refers to the same articles previously bequeathed under paragraph " Fifth ", to wit, rugs, furniture, kitchenware, dishes and carpets. Paragraph " Ninth " therefore is the vehicle through which the testator specifically intended to carry out the general purposes expressed in the last sentence of paragraph " Fifth ", namely, that if the personal property enumerated was not desired by the legatee named it was to be sold and the proceeds become a part of his estate. It must be presumed that the testator believed that he was, by paragraph " Ninth " disposing of the residue of his estate, which would include the proceeds of his home, as well as the proceeds from the sale of personal property bequeathed and not wanted by the legatee and if the testator had intended his aunt, India V. Thurber, to have a substantial part of his estate he would have mentioned her in his will.

It is clear that the articles associated in his mind with memories of his past life were given to persons whom he particularly desired to possess and take care of these articles, which he valued so highly.

The persons named in the " Ninth " paragraph were the only persons whose names appear twice in the will. The decedent clearly showed that he wished to make them the particular objects of his bounty by this will. With this in mind, it seems to me that the " Ninth " paragraph, in effect is a " blanket " clause in which he endeavored to express his intentions as to his entire will, to restate and clarify his meaning as to the disposition of all his household articles, which he evidently prized very highly and to dispose of his entire estate, not specifically bequeathed in his will, to the three persons named therein. He stated that he is giving them all his household property " and anything not heretofore bequeathed ".

The decedent clearly expressed his intention to give them everything he owned, which was not bequeathed in comparatively small amounts to others. In order to avoid a construction that is absurd and illogical, and to follow the intention of the testator, the court may supply words, phrases, punctuation and even transpose sentences. (*Matter of Farmers' Loan & Trust Co.*, 189 N. Y. 202, *supra*.) In *Matter of Birdsell* (271 App. Div. 90, affd. 296 N. Y. 840) the word " and " was substituted in place of the word " or " to correctly carry out the intention of the testator.

If the words " and anything not heretofore bequeathed to be divided equally between Virginia E. Oliver, Jane W. Shinners and Louise Elliott Donaldson Moll, and if not agreeing to equal distribution the property to be sold and the proceeds to be divided equally " were set forth in a separately numbered paragraph in the will, no one could possibly claim that such words did not create a full, complete, adequate residuary provision disposing of all of the balance of his estate.

It is the claim, however, that the presence of these words in paragraph " Ninth ", after the references to certain enumerated personal property, creates some sort of a limitation or restriction upon their meaning and potency. In the consideration of this claim, we have not overlooked the rule of interpretation set forth in *Matter of Robinson* (203 N. Y. 380) in which case the rule of construction known as the *ejusdem generis* rule is stated and applied.

However, such rule is not invoked in cases where the general words used are of the nature of the general words used in the instant matter. They are cases not dealing with words of definiteness like those which we are considering. " Anything not heretofore bequeathed " are precise words of limitless scope.

Where a statute provided as follows: "And where a claimant is made a party defendant to any action brought to enforce any other lien, the notice of the pendency of such action must be filed by him or in his behalf * * * ", the Court of Appeals was called upon to determine whether "other lien" meant other mechanics' lien, since the statute related to mechanics' liens, or whether the words would include an action brought to enforce the lien of a mortgage. The Court of Appeals rejected the use of the rule of *ejusdem generis* upon the ground that the employment of the word "any" precluded the application of the *ejusdem generis* rule. The court said:

"Were the word 'other' the only word to be construed, the former case would have some application, but in construing the provision we must consider that which precedes and follows in order, if possible, to determine the legislative intent. Where a claimant is made a party defendant to any action brought to enforce *any other lien* a notice of pendency, etc., must be filed. The word 'other' is preceded by the word 'any' and, under the rule of *Flanagan* v. *Hollingsworth* [2 How. Prac. (N. S.) 391], we must give each word its appropriate meaning.

"The word 'any' is used in various ways and may convey different meanings. It may mean one or many, each or every. In some instances it means an indefinite number. The connection in which it is used in the statute under consideration appears to us to indicate each and every, and is the same as if the statute read 'any action brought to enforce *each and every* other lien.' It consequently appears to us that the statute is broad enough to include a mortgage lien and is not confined to mechanics' liens." (*Danziger* v. *Simonson,* 116 N. Y. 329, 334.)

By the same reasoning, this court concludes the use of the words "anything not heretofore bequeathed" enlarges the operation and effect of the same from the mere personal property previously enumerated and the presence of such preceding words of enumeration of personal property are no limitation upon the full force and effect of the words we are considering. (*Caddy* v. *Interborough Rapid Transit Co.,* 195 N. Y. 415, 421; *Philbrick & Brother* v. *Florio Co-operative Association,* 137 App. Div. 613.)

I believe it was the intention of the testator in paragraph "Ninth" to dispose of his entire residuary estate.

A decree may be made construing the will of the decedent in accordance with this memorandum.