In the Matter of the Construction of the Will of CATHERINE R. MILLER, Deceased.

Surrogate's Court, Monroe County, November 20, 1951.

*Joseph H. Corcoran,* petitioner in person, individually and for Joseph H. Corcoran and others, as executors of Catherine R. Miller, deceased, and another, petitioners.

*George H. Hawks, Jr.,* for Charles J. Grate, respondent.

*David H. Shearer* for St. Ann's Home for the Aged, respondent.

WITMER, S. Construction is sought herein of the residuary clause of testatrix' will which reads in part as follows: " Sixth: * * * I give, devise and bequeath all of the rest, residue and remainder of my property * * * to the following, share and share alike: Salvation Army of Rochester, New York; Hillside Home for Children, Rochester, New York; People's Rescue Mission, Rochester, New York; Joseph H. Corcoran and Ruth M. Corcoran, or the survivor, of Rochester, New York; Charles J. Grate, of East Rochester, New York; and St. Ann's Home for the Aged, Rochester, New York." By her codicils testatrix revoked the residuary shares left to the Salvation Army, Hillside Home for Children and People's Rescue Mission. All of the remaining persons named in the residuary clause survived testatrix. The question presented is whether the residue is to pass in three or in four shares, that is, whether Joseph H. Corcoran and Ruth M. Corcoran take a one third share of the residue or whether each takes a one

fourth thereof. Although counsel for petitioners has gone to some lengths to show that the Corcorans take as tenants in common, the point is conceded; and clearly it is not decisive herein. The question is how much do the Corcorans take, not in what manner do they take.

As might well be expected counsel has found no precedent entirely in point. In support of their claim for two shares or one half of the residue the Corcorans stress the language of the clause " share and share alike " and the fact that they were designated by name and not as husband and wife, and they rely particularly upon *Hilton* v. *Bender* (69 N. Y. 75, 86) and *Matter of Schofield* (49 N. Y. S. 2d 341). In the *Hilton* case (*supra*) the testator gave the residue " to Robert Hilton, Jr., son of my deceased brother Robert, and Catherine, his wife, and Richard, son of my brother Derrick, as tenants in common, and their heirs forever." The court held that the three took as tenants in common, each an undivided one-third interest. In the *Schofield* case (*supra*) testator gave the residue of his estate " to be divided equally among the following: Charles Brown, * * * George Race and Fannie Race, his wife, Howard C. Stone and Carrie Stone, his wife, of Penn Yan, N. Y. In case of the death of any of the above named persons, the entire residue will go to the survivors, except ". The court held that the wives had a share equal to that of each of the other residuary legatees.

In behalf of the other residuary legatees in the instant case it is pointed out that testatrix punctuated the clause in question by separating all of the legatees by use of a semicolon, except the Corcorans, in which instance no punctuation separated them but they were connected with the conjunction " and " and the two names were separated from the other legatees by the use of semicolons. The word " and " between the names of the Corcorans is significant, especially since no conjunction was used immediately following the name of Mrs. Corcoran and preceding the name of the respondent, Charles J. Grate; and it thus has a different meaning from the conjunction before the last-named legatee in the paragraph. (See *Matter of Myhill*, 149 App. Div. 404.) This language renders this will clearly distinguishable from that in the *Hilton* case (*supra*).

It is true that in wills drafted by laymen, punctuation may be ignored if it does violence to the testator's intention (*Matter of Pettit*, 241 App. Div. 209, 210; *Matter of McLaughlin*, 190 Misc. 433, affd. 273 App. Div. 942), but even in such cases the intention of the testator must be clear. (*Matter of Nelson*, 268 N. Y. 255, 258.) The instant will, however, was drafted by

an experienced attorney at law. In such cases the rule is that the will is to be strictly construed according to its express provisions. (*Matter of Meyer,* 162 Misc. 426, 428, and authorities cited; 3 Jessup-Redfield, Surrogates Law & Practice, §§ 1844, 1874.)

It is also significant that testatrix used the words " or the survivor " after the names of the Corcorans. She thus showed that the share of the two should go to the survivor if one predeceased her. When used with respect to two of a group of legatees, these words tend to show an intention that testatrix meant one share for the two, in the absence of clear contrary expression, for without those words the survivor would take all which was expressly bequeathed to him. Those words were inserted to make it clear that even if one of the Corcorans predeceased testatrix, she wanted the survivor to take a full share. It is impossible to find in the provision an intention that in such event the survivor should take two full shares.

The Corcorans have urged that the words " or the survivor " were used to avoid intestacy. That could have been one of testatrix' reasons as to the share of one of the Corcorans who might predecease her. However, if that were testatrix' purpose, she would have used the provision after the name of the legatee, Charles J. Grate, modifying all individual legatees, for if he predeceased her, as the will stands his share would pass as intestate property. (*Wright* v. *Wright,* 225 N. Y. 329, 340.) It may be noted that in the *Schofield* case (*supra*), after naming all the residuary legatees the testator provided that if any should predecease him, the survivors would share the residue, with two exceptions. The case is thus distinguishable, and supports the point just made.

It has been suggested that testimony of testatrix' intention would clarify the matter and establish that she meant a share for each of the Corcorans. Unfortunately, the statute bars the presentation of the available evidence.

Upon the punctuation, the conjunctions, and the words " or the survivor " it is held that Joseph H. Corcoran and Ruth M. Corcoran together take an undivided one-third share in the residue of this estate, as tenants in common.

Submit decree accordingly.