Maxtmtt.tan Moss, S.
Incidental to the account of the executors a construction is sought of paragraph “ Second ” of testatrix’ will. By paragraph “ Second ” testatrix bequeathed $500 to a sister-in-law and then provided as follows: ‘ ‘ All the rest, residue and remainder of my estate and property wheresoever and whatsoever, I give, devise and bequeath to the following, absolutely share and share alike: my sister-in-law, Bose * * *; my sister-in-law, Bella * * *; my brother-in-law, Harry * * * ; my sister, Celia * * * ; my nephew and nieces Sam * * *, Gertrude * # * and Yetta * * *; and the Bialystoker Home for the Aged ”. (Italics supplied.) The question presented is whether the residue is to pass- in eight or in six shares.
*327 The petitioners contend that each of the eight named beneficiaries is entitled to one-eighth share. The objectant contends that the intent of the testatrix was to give only one share to the named nephew and nieces to be divided among them. It is further contended by the objectant that while eight persons are named, testatrix only intended to create six shares. It is argued that testatrix’ omission in using a semicolon to divide the names of the nephew and nieces as she did with the names of the other beneficiaries indicates an intention that together they were to receive a one-sixth share only, citing Matter of Miller (202 Misc. 763) in support of such a construction.
In the Miller case the bequest was to “ Joseph H. Corcoran and Ruth M. Corcoran or the survivor.” There the court, in holding that the Corcorans were to receive one share between them, clearly indicated in its opinion that the punctuation was not the sole deciding factor. The last paragraph of the opinion reads as follows: 1 ‘ Upon the punctuation, the conjunctions, and the words ‘ or the survivor ’ it is held that Joseph H. Corcoran and Ruth M. Corcoran together take an undivided one-third share in the residue of this estate, as tenants in common.” That case is clearly distinguishable from the case now before this court. (P. 765.)
In the instant case the will was evidently prepared by testatrix’ attorney. In the absence of proof that the grammatical form of punctuation used by the draftsman was understood and accepted by the testatrix as an integral part of the writing, little or no importance may be attached to it (Lewisohn v. Henry, 92 App. Div. 532, affd. 179 N. Y. 352; Kinkele v. Wilson, 151 N. Y. 269, 277; Matter of Nelson, 268 N. Y. 255, motion for reargument denied 268 N. Y. 636; Matter of Kane, 161 Misc. 767, affd. 251 App. Div. 710). The literal meaning of a testamentary disposition is not adopted where the result would obviously be contrary to the intent manifested by the language used in the will as a whole (Matter of Macy, 72 N. Y. S. 2d 481; Matter of Curry, 191 Misc. 370, affd. 273 App. Div. 912) in which case the rules of grammar and punctuation may be disregarded by the court to effectuate the intention of the testatrix (Matter of Pettit, 241 App. Div. 209).
The language used by the testatrix in her will clearly indicates her intention to bequeath her residue to the named beneficiaries “ share and share alike.” A reading of paragraph “ Third ” reveals that testatrix employed explicit language to bar other relatives from sharing in the estate because ‘1 their financial position is such that they have little need of any legacy In like manner had the testatrix intended *328 to cut down the legacies to the nephew and nieces named in paragraph “ Second ” she would have so stated. The position of the semicolon is not sufficient grounds upon which a contrary intention may be attributed to the testatrix by the court. Extrinsic evidence is not necessary for a determination of testatrix’ clearly expressed testamentary plan. There are no words of reservation or limitation in said paragraph and none may be implied by the court.
The court determines that the nephew and nieces named in paragraph “ Second ” of testatrix’ will are each entitled to an equal one-eighth share of the residuary estate (Hilton v. Bender, 69 N. Y. 75, 86; Matter of Schofield, 49 N. Y. S. 2d 341). Settle decree on notice.