*In re* ESTATE OF ROSE MINWEGEN, Deceased.—(FRANK KOWALCZYK *et al.*, Ex'rs of the Estate of Rose Minwegen, Petitioners-Appellees, *v.* FRANK CLEMENTS *et al.*, Respondents-Appellants.)

First District (3rd Division)    No. 78-1228

Opinion filed March 7, 1979.

W. A. Black, of Chicago (Bradley, McMurray, Black & Snyder, of counsel), for appellants.

Bell, Boyd, Lloyd, Haddad & Burns, of Chicago (Robert L. Wiesenthal and Jamie L. Emmer, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Co-executors of the will of Rose Minwegen petitioned the probate division of the circuit court of Cook County to construe that will. The trial court found that by articles II and V of the will, the decedent intended to give to each family group unrelated to her and named together on one line, one share equal to the share given each person named individually on a separate line. Certain beneficiaries, Frank Clements, Anna May Clements and Harold Clements, bring this appeal and contend that they each are entitled to one share. No evidence other than decedent's will was introduced in the trial court and no witnesses were heard.

Article II of decedent's will provides:

"I hereby direct that my Executors sell all my Exxon Corporation stock. The proceeds of said sale to be divided equally among the following:

> Vertna Conway Denzel
> Ethel Leschorn Ede
> Robert Froehlich
> Lorraine Minwegen Derflinger
> Rita Minwegen Watt
> Mary Minwegen Davila
> William T. Minwegen
> Sr. Paula Minwegen
> Georgiana Kowalczyk
> Frank and Anna May Clements."

Article V of the decedent's will provides:

> "I hereby direct that my Executors sell all real estate in my estate and the proceeds from the sale of 54-56 East Oak Street and 115 East Oak Street, Chicago, Illinois, be divided in the following manner:
>
> One-fifth to be used to have masses read for the souls of [specified members of the decedent's family and the decedent], and the sum of Three Thousand Dollars for the education of boys to the priesthood, to St. Mary-of-the-Lake Seminary, Mundelein, Illinois, and the following nieces and nephews equally:
>
> > Vertna Conway
> > Ethel Ede
> > Robert Froehlich
> > Lorraine Derflinger
> > Sr. Paula Minwegen
> > Georgiana and Frank Kowalczyk
> > Anna May and Frank Clements and Harold Clements
> > Rita Watt
> > Mary Davila
> > William T. Minwegen."

The Kowalczyks are husband and wife and also are co-executors of the will. Anna May and Frank Clements are married to each other. Harold Clements is Frank's brother. None of the Kowalczyks or Clements are nieces or nephews of the decedent.

On the basis of the language in the will and the arguments of counsel, the trial court held the proceeds of the sale of decedent's Exxon stock should be divided into 10 equal shares and that Anna May and Frank Clements together should receive one share. With respect to the proceeds of the sale of decedent's real estate, the court held that 10 equal shares should be distributed. Georgiana and Frank Kowalczyk together received one share; Anna May, Frank and Harold Clements together received one share.

Appellants here contend that the trial court's construction of

decedent's will was erroneous and that they are each individually entitled to one share of the bequests contained in articles II and V. We believe, however, that the trial court's determination was a reasonable and supportable interpretation of decedent's will.

■■ One of the factors a court may look to in construing a will is the relationships of the named beneficiaries to the testatrix. (*Dickinson v. Belden* (1915), 268 Ill. 105, 108 N.E. 1011.) We believe it is significant that, of the beneficiaries named in the two articles of decedent's will, only those unrelated to decedent are not named individually on a separate line. A reasonable inference to be drawn from the manner in which the beneficiaries are named is that decedent intended that her relatives take one share of the bequest and that those beneficiaries unrelated to her take one share jointly. Further support for this conclusion is found by reference to article IV of the will. In that article, decedent directed that her assets in bank accounts be distributed in the following manner:

| | |
|---|---|
| "Helen Roskoph | Two Thousand Dollars |
| Father Bernard Fitzgerald | Two Thousand Dollars |
| Genevieve Leatherman | One Thousand Dollars |
| William and Elsie Mader | One Thousand Dollars |
| Thurman Sanders | One Thousand Dollars |
| Stanley E. Szarmach | One Thousand Dollars |
| Theresa Ulevette | Five Hundred Dollars |
| Daphne Angelos | Five Hundred Dollars." |

There, decedent clearly indicated that she intended the husband and wife, named therein on one line, to share the amount of the bequest. Since the various provisions of a will should, if possible, be construed consistently (*Carr v. Hermann* (1959), 16 Ill. 2d 624, 158 N.E.2d 770), we believe the testamentary intent clearly expressed in article IV is persuasive authority for reaching a similar conclusion with respect to articles II and V.

Appellants maintain that decedent's use of the word "equally" mandates a finding that each person is entitled to one share. In support of their position, appellants cite several cases from other jurisdictions involving the construction of a will in which the placement of punctuation between the beneficiaries' names was disregarded where it would result in the named beneficiaries receiving unequal shares. (See *Marsh v. Wilson* (1966), 6 Ohio Misc. 167, 216 N.E.2d 73; *In re Potolsky's Estate* (1957), 9 Misc.2d 326, 169 N.Y.S. 2d 328; *Cassidy v. Vannatta's Ex'r* (Ky. 1951), 242 S.W.2d 619; *Estate of Lewis v. Keller* (1949), 91 Cal. App. 2d 322, 204 P.2d 898.) Appellants argue that in light of decedent's use of the word "equally," the manner of listing the beneficiaries should be disregarded in favor of giving each named individual an equal share. As noted above, we believe the manner in which the beneficiaries were listed is an important

factor in light of the nature of their relationship to decedent. A direction in a will that the beneficiaries share equally in a certain bequest will not be literally enforced where it appears from an examination of the entire document that such was not the testator's intent. (*Condee v. Trout* (1942), 379 Ill. 89, 39 N.E.2d 350.) We believe the decedent demonstrated a contrary intent in the present case.

In our judgment, no matter how decedent's use of "nieces and nephews" in article V is viewed, the result must be the same. If the phrase is a misdescription and thereby treated as mere surplusage (*Appleton v. Rea* (1945), 389 Ill. 222, 58 N.E.2d 854), the foregoing discussion of decedent's use of "equally" is dispositive. Conversely, if we view "nieces and nephews" as an accurate description of the beneficiaries entitled to share equally in the bequest, appellants would not fall within that description and therefore could not claim an equal share. We hold that the trial court correctly construed decedent's will to give one share to appellants jointly under both articles II and V.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and RIZZI, J., concur.